Argued August 20, affirmed September 9, 1974

STATE OF OREGON, *Respondent, v.* PAUL
EUGENE DENUE (No. 9818), *Appellant.*

526 P2d 455

*Martin T. Winch,* Bend, argued the cause and filed
the brief for appellant.

*Gary S. Thompson,* District Attorney, Prineville,
argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Tanzer, Judges.

FOLEY, J.

Defendant was convicted by circuit court jury of illegal possession of venison under a Uniform Game, Commercial Fish and Marine Citation and Complaint, ORS 496.920 (2)[1], reading in pertinent part as follows:

"State of Oregon )
"* * * * * )
"County of Crook )

"The Undersigned Peace Officer Certifies * * *: That on the 7th day of Oct., 1973, at 5:45 o'clock p.m. * * * Denue, Paul Eugene * * *, * * * while * * * hunting * * * at or near Prineville in the * * * county * * * aforesaid, committed the following offense:

Illegal Possession of Venison in violation of state statute or regulation * * *.

"10-7-73      [/s/] Dudley Nelson      No. 314-24.
"* * * * *"

From a judgment fining defendant $150 and sentencing him to five days in jail, sentence to be suspended on payment of the fine by June 1, 1974, defendant appeals.

Defendant assigns as error:

"1) The Court erred in denying defendant's demurrer;

"2) The Court erred in denying defendant's motion for a directed verdict of acquittal."

[1] The game laws were amended and name changed to wildlife laws by Oregon Laws 1973, ch 723, effective January 1, 1974. None of the amendments are significant to the issues presented here.

Defendant's demurrer based upon ORS 135.630 was on the ground that the complaint did not charge a crime and was not sufficiently definite and certain to apprise the defendant of the statute violated.

The vehicle occupied by defendant and two others was stopped by state officers for a game check near Prineville, Oregon. Despite denial by France, the owner-driver of the vehicle, and by defendant that they had had any luck, the officers discovered in a consent search of the pickup what they called a "fawn backstrap" and charged all three with illegal possession of venison, using the uniform game citation and complaint, quoted above.

As to his first assignment of error the defendant urges that "illegal possession of venison" as set forth in the complaint does not describe a crime as such but rather may charge a number of game offenses involving whether the hunter had a valid license and tag for the venison he possessed, whether the venison was properly tagged, whether the deer was killed during authorized season, was within an authorized bag limit, proper sex, etc. He also asserts that the complaint is not direct and certain as to the crime charged.

Under ORS 496.920 (2) a complaint charging an offense under the game laws and regulations is sufficient if it contains:

> "A statement or designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the offense is alleged to have occurred."

This requirement under the uniform game citation and complaint is identical to the requirement for uniform

traffic citations as contained in ORS 484.170 (2). In construing that statute our Supreme Court said:

"In dealing with the uniform traffic citation it should be borne in mind that the legislature intended thereby to simplify traffic-law enforcement. ORS 484.170 demands that the defendant be advised of the offense in such a manner as can be readily understood by *a person making a reasonable effort to do so.* (Emphasis ours.) The uniform citation is not controlled by statutes which apply to indictments. Compare ORS 484.170 with 132.520 (2), which requires that indictments generally set forth:

" 'A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.'

"It is readily apparent that the legislature intended to make traffic complaints effective even though a person defending against one might have to make some reasonable inquiry of the arresting officer or of some other person in order to know exactly what offense is charged. * * * The statute creating the uniform citation leaves no doubt that a motorist may be called upon to answer a complaint drawn with a minimum of formality. * * *" *State v. Waggoner,* 228 Or 334, 337-38, 365 P2d 291 (1961). *See also, City of Oakland v. Moore,* 1 Or App 80, 82, 457 P2d 659, Sup Ct *review denied* (1969).

In the present case it is not disputed that defendant was advised at the time the citation was being given for illegal possession of venison that it was specifically because the discovered backstrap was fawn meat which it was illegal to possess.

Former ORS 498.030 prohibits the possession of a part of any wildlife except as authorized by the game laws or regulations of the State Game Commission.

Regulations restrict the taking or possession of deer to those having hardened antlers, with exceptions here not relevant. Former ORS 498.990 makes violation of the above statute or regulation pursuant thereto a misdemeanor. Thus at the time charged here, possession of any part of a fawn deer was proscribed and was a misdemeanor under the regulations of the Oregon State Game Commission.[®]

■ Based upon the Oregon uniform game statute and *State v. Waggoner,* supra, we conclude that defendant was charged with a crime and was adequately advised of the charge against him. Indeed defendant's counsel conceded at oral argument that defendant was not misled in asserting his defense by the procedures followed in this case.

In his second assignment defendant contends the motion for judgment of acquittal should have been granted. The court concluded that there was sufficient evidence that defendant aided and abetted France in the illegal possession of venison, denied the motion and submitted the issue to the jury. We agree with the trial court. In reviewing the denial of defendant's motion, we view the evidence in the light most favorable to the state. *State v. Nix,* 7 Or App 383, 386, 491 P2d 635 (1971). There was evidence that France, the pickup owner, was in possession of illegal venison. Defendant and France both denied at first that any deer had been killed; then when the officers found the fawn backstrap in the pickup, both France and defendant said the backstrap was from the adult deer killed by France the

---

[®] Findings and Determinations, Big Game Animals, Oregon State Game Commission, July 1, 1973 - June 30, 1974; 1973 Oregon Big Game Regulations, Oregon State Game Commission, July 1, 1973 - June 30, 1974.

previous day and hanging at defendant's aunt's place near Prineville. The officer and defendant inspected the hanging deer and found the backstrap therein intact. Then defendant, when asked to explain, said the backstrap must have been planted on them.

■ In his testimony, whenever he referred to France's deer he used terms such as "our deer," "we got a spike," "we gutted it," "we took it in and skinned it," "we put it [the heart and liver] in a plastic bag when we finished skinning it," and "They [heart and liver] come from our deer." Defendant testified that he was with France when France killed the adult deer and he helped France carry, dress and skin the deer, and was present and aware of France's putting the heart and liver in the pickup. All of the foregoing is evidence that defendant and France were acting together in the total hunting enterprise. The jury could have found from the evidence that France was in possession of the illegal backstrap and that defendant aided and abetted him in procuring and possessing it. Thus there was adequate support for the court's instruction on aiding and abetting pursuant to ORS 496.695.[9]

The other assignments urged in defendant's brief were not raised at trial and thus not preserved. We decline to discuss them.

Affirmed.

---

[9] The instruction given was as follows:

"You are instructed that any person who counsels, aids or assists in a violation of any game law of the State of Oregon or shares in any of the proceeds of such violation by receiving or possessing any wildlife shall incur the penalty provided for the person guilty of such violation. That is talking about an aider and an abettor, and an aider and an abettor is a person who advises, counsels, procures or encourages the principal or the person who committed the crime."