## STATE OF OREGON,
*Respondent,*

*v.*

## RANDY KESSLER,
*Appellant.*

## (No. DA 16004-7811, CA 14296)

602 P2d 1096

Daniel G. Hoar, Portland, argued the cause for appellant. On the brief was David L. Slader, Portland.

W. Benny Won, Assistant Attorney General, Salem. argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

## TANZER, P. J.

Defendant seeks reversal of his conviction of disorderly conduct in violation of ORS 166.025(1)(a), and possession of two billy clubs in violation of ORS 166.510. In the alternative he seeks remand to the trial court for resentencing.

Defendant first contends that his acts did not amount to the crime of disorderly conduct, neither causing nor creating a risk of public inconvenience, annoyance or alarm. Defendant did not raise this issue at trial, however, and therefore we do not consider it on appeal. *See State v. Abel,* 241 Or 465, 406 P2d 902 (1965).

Defendant challenges his conviction for possession of billy clubs, which is a violation of ORS 166.510(1), which provides:

"Except as provided in ORS 166.515 or 166.520, any person who manufactures, causes to be manufactured, sells, keeps for sale, offers, gives, loans, carries or possesses an instrument or weapon having a blade which projects or swings into position by force of a spring or other device and commonly known as a switch-blade knife or an instrument or weapon commonly known as a blackjack, slung shot, billy, sandclub, sandbag, sap glove or metal knuckles, or who carries a dirk, dagger or stiletto commits a Class A misdemeanor."[1]

He argues that the statute violates Art I, § 27 of the Oregon Constitution, which provides:

"The people shall have the right to bear arms for the defence (sic) of themselves, and the State, but the Military shall be kept in strict subordination to the civil power."

Defendant argues that forbidding his possession of billy clubs denies his right to bear arms in defense of himself. The constitutional right is not absolute, how-

---

[1] Defendant laments in his brief that he is "a victim of the dismal potence of the blackjack and billy club lobby in the Oregon State legislature."

[305]

ever; in the exercise of its police power the state may adopt reasonable regulation for the promotion of the safety and welfare of its people. Thus the prohibition against exconvicts possessing concealable weapons was upheld over a constitutional challenge in *State v. Robinson,* 217 Or 612, 343 P2d 886 (1959).

In *People v. Brown,* 253 Mich 537, 235 NW 245, (1931), the Michigan Supreme Court upheld a statute similar to ORS 166.510 in light of the Michigan constitution which like Oregon's provides that "[e]very person shall have the right to bear arms for the defense of himself and the state." The Michigan Supreme Court explained that certain weapons are used for the most part, not for defense, but in the furtherance of criminal purposes. To protect the public from being victimized by persons using these weapons, their possession may properly be outlawed. We can state the law in this regard no better than did the Michigan court and we adopt its reasoning:

> "Some arms, although they have a valid use for the protection of the State by organized and instructed soldiery in times of war or riot, are too dangerous to be kept in a settled community by individuals, and, in times of peace, find their use by bands of criminals and have legitimate employment only by guards and police. Some weapons are adapted and recognized by the common opinion of good citizens as proper for private defense of person and property. Others are the peculiar tools of the criminal. The police power of the State to preserve public safety and peace and to regulate the bearing of arms cannot fairly be restricted to the mere establishment of conditions under which all sorts of weapons may be privately possessed, but it may take account of the character and ordinary use of weapons and interdict those whose customary employment by individuals is to violate the law. * * *
> "* * * * *
> "The list of weapons in [the statute] is significant and demonstrates a definite intention of the Legislature to protect society from a recognized menace. It does not include ordinary guns, swords, revolvers, or

other weapons usually relied upon by good citizens for defense or pleasure. It is a partial inventory of the arsenal of the 'public enemy,' the 'gangster.' It describes some of the particular weapons with which he wars on the State and reddens his murderous trail. * * *

"The statute does not infringe upon the legitimate right of personal or public defense but is within the reasonable and constitutional exercise of the police power of the State to curb crime." *People v. Brown,* 253 Mich at 541-43.

Defendant's final assignment of error concerns his sentencing. The trial court ordered the defendant to pay restitution for damage he had caused in an amount determined by the district attorney, but not to exceed $180. Defendant argues and the state concedes that the trial judge erred in not setting a definite amount to be paid by defendant as restitution for damages done and in not setting a definite time for payment. *See State v. Johnson,* 39 Or App 711, 593 P2d 216 (1979); ORS 137.103(2), 137.106, 161.675. We therefore remand to the trial court.[2]

Reversed and remanded for resentencing.

---

[2] There is no contention that the weapons in this case were not within the meaning of the statute. *Cf. State v. Page,* 43 Or App 417, 602 P2d 1139 (1979).