Argued and submitted April 12, affirmed December 22, 1982

CITY OF PORTLAND,
*Respondent,*
*v.*
WHITE,
*Appellant.*

(DA 216212-8107, CA A22881)

655 P2d 629

Charles E. Corrigan, Metropolitan Public Defender, Portland, argued the cause and filed the briefs for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

### VAN HOOMISSEN, J.

Defendant appeals his conviction for violation of Section 14.68.105 of the Portland City Code, which provides:

> "It is unlawful for any person to promote, engage in or profit from gambling in any form except a social game as defined in ORS 167.117 and Chapter 14.40 of this Code."

He contends that (1) the ordinance is unconstitutionally vague because it does not define "gambling," (2) its subject matter has been preempted by state statute and (3) the complaint is not definite and certain.

A police officer testified that he had observed defendant and others playing dice for money in a public park. On seeing the officer, defendant ran. A pair of dice was found in his pocket when he was caught and arrested.

■ ■ Defendant first contends that the ordinance is unconstitutionally vague, because it does not define "gambling."[1] The failure of an ordinance to define a term used therein calls for the application of its ordinary meaning. *Perez v. State Farm Mutual Ins. Co.,* 289 Or 295, 299, 613 P2d 32 (1980); *Blalock v. City of Portland et al,* 206 Or 74, 80-81, 291 P2d 218 (1955). The ordinary meaning of the term "gambling" is:

> "1: the act or practice of betting: the act of playing a game and consciously risking money or other stakes on its outcome 2: the act of risking something on an uncertain event * * *." Webster's Third New International Dictionary (1971).

The ordinance is not unconstitutionally vague. Those to whom the ordinance is addressed — potential defendants, prosecutors, courts and jurors — can discern from the ordinary meaning of the term "gambling" what conduct the city did or did not intend to include in the prohibition.

We have considered defendant's other assignments and find no error.

Affirmed.

---

[1] Defendant does not contend that the ordinance is overbroad; *see State v. Blocker,* 291 Or 255, 260, 630 P2d 824 (1981).