Argued and submitted November 30, 1983, affirmed April 18, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## VOIGT McKINLEY BARNHARDT,
*Appellant.*

(20-233; CA A27083)

680 P2d 7

Philip L. Kollas, Tillamook County Public Defender, Tillamook, argued the cause and filed the brief for appellant.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Defendant was convicted after a jury trial of violating OAR 635-65-205(1), a class "A" misdemeanor. ORS 496.992.[1] That rule provides:

> "It is *unlawful* to hunt during the general elk season with a rifle using centerfire cartridges or a muzzleloading rifle in areas inhabited by elk unless the appropriate general elk rifle tag is in possession or has been used to tag a legal elk." (Emphasis in original.)

Defendant demurred to the accusatory instrument, arguing that the complaint was not definite and certain, ORS 135.630(6), and that the facts alleged do not constitute an offense, ORS 135.630(4), because the right to bear arms is guaranteed by the state and federal constitutions. Or Const, Art I, § 27; U S Const, Amend II. Defendant argues that it was error to overrule the demurrer. We affirm.

The complaint is a Uniform Game Citation. A box titled "Hunting" is checked. The location is recited and followed by a description of the offense: "In field with rifle—no elk tag in possession—during open elk season." The box titled, "In Violation of State Statute or Regulation" is also checked.

■ ■ The sufficiency of game citations as accusatory instruments is governed by ORS 153.720(2) (*formerly* ORS 496.920). A citation must contain:

> "A statement or designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the offense is alleged to have occurred."

Uniform Game Citations, like Uniform Traffic Citations, are not controlled by the statutes which apply to indictments. *State v. Denue,* 18 Or App 594, 526 P2d 455 (1974). A complaint is sufficient, even though the defendant may have to make reasonable inquiries in order to know exactly what offense is charged. *State v. Denue, supra; see also State v.*

---

[1] ORS 496.992(1) provides:

"Except as otherwise provided by law, violation of any provision of the wildlife laws, or any rule promulgated pursuant thereto, is a Class A misdemeanor. * * *"

*Waggoner,* 228 Or 334, 365 P2d 291 (1961) (Uniform Traffic Citation).

■■ Defendant argues on appeal that OAR 635-65-205(1) is unconstitutionally vague. A challenge to a statute on constitutional vagueness grounds is distinct from the challenge to a complaint on the ground that it is not definite and certain. Defendant's assertion that the accusatory instrument is not definite and certain did not raise his constitutional claim of vagueness. That claim is raised for the first time on appeal, and we decline to consider it.[2] *State v. Krause,* 251 Or 318, 323, 445 P2d 500 (1968).

■ ■ Defendant next argues that "the facts stated do not constitute an offense," ORS 135.630(4), because the offense charged infringes his constitutional right to bear arms. He relies on *State v. Blocker,* 291 Or 255, 630 P2d 824 (1981), which held that the legislature is forbidden by the constitution from outlawing the *mere possession* of a weapon. Defendant argues that the citation charges mere possession of a rifle. As noted above, the citation charges hunting. Nothing in the state or federal constitution forbids the regulation of the *use* of a weapon. *State v. Blocker, supra,* 291 Or at 259; *see also United States v. Miller,* 307 US 174, 59 S Ct 816, 83 L Ed 1206 (1939).

■ Defendant next contends that the complaint fails to state an offense, because no culpable mental state is alleged. He raised this issue at the hearing on the demurrer under ORS 135.630(4). We find it unnecessary to wend our way again through the tortuous path of the culpability requirements of ORS 161.085-161.115 as applied to game statutes. *See State v. Cho,* 65 Or App 442, 671 P2d 1181 (1983), *rev allowed* 296 Or 350 (1984). Under ORS 161.505 "offense" means either a crime or violation. Thus, the citation states facts sufficient to constitute an offense whether the offense is a strict liability misdemeanor or a violation. ORS 161.105.[3]

---

[2] Although the state concedes that defendant raised the constitutional vagueness ground at trial, the record shows that the concession is broader than the objection that was made.

[3] ORS 161.105 provides:

"(1) Notwithstanding ORS 161.095, a culpable mental state is not required if:

"(a) The offense constitutes a violation, unless a culpable mental state is expressly included in the definition of the offense; or

Defendant also assigns as error the trial court's denial of his request to reserve his opening statement, denial of his motion for judgment of acquittal and failure to give his requested jury instruction regarding less satisfactory evidence. Those assignments are without merit.

Affirmed.

---

"(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof.

"(2) Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation."