Argued and submitted June 15, reversed July 18, reconsideration denied
August 31, petition for review allowed September 25, 1984 (298 Or 37),
affirmed December 28, 1984
See 298 Or 395, 692 P2d 610 (1984)

# STATE OF OREGON,
*Respondent,*

*v.*

# JOSEPH L. DELGADO, JR.,
*Appellant.*

(CR83-946; CA A30962)

684 P2d 630

Susan M. Garrett, Salem, argued the cause and filed the brief for appellant.

Lynn Torno, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Robert Muir, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for unlawful possession of a stabbing weapon, specifically a switch-blade knife. ORS 166.510(1).[1] He contends that the statute, as applied to his otherwise noncriminal possession of the weapon, unconstitutionally infringes on his right to bear arms under Or Const, Art I, § 27.[2] We agree, because we are compelled to do so by Oregon Supreme Court opinions. *See State v. Blocker,* 291 Or 255, 630 P2d 824 (1981); *State v. Kessler,* 289 Or 359, 614 P2d 94 (1980).

Reversed.

---

[1] ORS 166.510(1) provides:

"Except as provided in ORS 166.515 to 166.520, any person who manufactures, causes to be manufactured, sells, keeps for sale, offers, gives, loans, carries or possesses an instrument or weapon having a blade which projects or swings into position by force of a spring or other device and commonly known as a switch-blade knife or an instrument or weapon commonly known as a blackjack, slung shot, sandclub, sandbag, sap glove or metal knuckles, or who carries a dirk, dagger or stiletto commits a Class A misdemeanor."

[2] Or Const, Art I, § 27, provides:

"The people shall have the right to bear arms for the defence [sic] of themselves, and the State, but the Militia shall be kept in strict subordination to the civil power[.]"