Argued and submitted July 19, affirmed December 18, 1991, reconsideration denied March 4, petition for review denied April 28, 1992 (313 Or 211)

## STATE OF OREGON,
*Respondent,*

*v.*

## THEODORE DEAN HIBBARD,
*Appellant.*

(90-12365; CA A66866)

823 P2d 989

Richard L. Wolf, Oregon City, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

Joseph, C. J., dissenting.

## EDMONDS, J.

Defendant appeals his conviction for telephonic harassment, ORS 166.090(1)(a), arguing that the trial court erred by denying his motions for directed verdict and for judgment of acquittal. We affirm.

On one day, defendant placed four telephone calls to the 9-1-1 emergency service in Clackamas County. During the first phone call, after the operator answered, defendant initially said, "Huh?" During the second call, he used profane language. When the 9-1-1 operator called back defendant to make sure that he was not in danger, defendant threatened to kill any police who might come to his house. A third call was not the subject of the complaint. Defendant made a fourth phone call, requesting police assistance because of an altercation involving guns and knives. When the police officers arrived at defendant's home and questioned defendant, he responded that he was "sitting here drinking whiskey and dialing 9-1-1 for entertainment."

Defendant argues that his conduct did not violate ORS 166.090(1)(a), because he communicated to the 9-1-1 operator after the call was answered. Second, he argues that ORS 166.090(1)(a) is unconstitutional as it applies to him. The state responds that there is sufficient evidence to support the verdict and that the statute is constitutional, because it regulates conduct rather than speech.

■    ORS 166.090 provides, in part:

"(1)    A telephone caller commits the crime of telephonic harassment if the caller intentionally harasses or annoys another person:

"(a)    By causing the telephone of the other person to ring, such caller having no communicative purpose."

Because ORS 166.090(1)(a) is clear on its face, we need not resort to extrinsic evidence of legislative intent. *Satterfield v. Satterfield*, 292 Or 780, 782, 643 P2d 336 (1982). The gravamen of violating the statute is the harassment or annoyance of another by causing the telephone to ring. For that conduct to be culpable, it must be accompanied by the requisite intent. When the caller causes the phone to ring, he must have no purpose to communicate. Whether he does or does not communicate after the phone is answered may be evidence of his

mental state in causing the phone to ring, but it is not determinative of his culpability. For instance, after the phone is answered, the caller may form a different intent that includes a communicative purpose.

■■ The test for determining whether a motion for judgment of acquittal should have been granted is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime have been proven. *State v. Harris*, 288 Or 703, 721, 609 P2d 798 (1980). Defendant admitted that he had been "dialing 9-1-1 for entertainment." On the first occasion that defendant called 9-1-1, he said "Huh?" after the phone was answered, but before responding to further inquiry by the dispatcher. From that evidence, the trier of fact could properly infer that defendant had no communicative purpose when he caused the phone to ring.

In his second assignment of error, defendant argues:

"The trial court violated the rights granted to defendant under Article I, section 8 of the Constitution of Oregon and the First Amendment of the U. S. Constitution made applicable to the states by the Fourteenth Amendment by inquiring into the content of defendant's communication to determine if he violated ORS 166.090[1](a)."

He relies on *State v. Ray*, 302 Or 595, 733 P2d 28 (1987), where the court held that ORS 166.065(1)(e) (*since amended by* Or Laws 1987, ch 806, § 3)[1] violated Article I, section 8, of the Oregon Constitution. The court said that the statute potentially reached areas of communication that would be constitutionally privileged and its incorporation of the definitions of obscenity in ORS 167.087(2)(b) and (c) made it unconstitutionally vague. In *State v. Blair*, 287 Or 519, 601

---

[1] ORS 166.065(1)(e) provided:

"A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, the actor:

"* * * * *

"(e) Subjects another to alarm or annoyance by telephonic use of obscenities or description of sexual excitement or sadomasochistic abuse or sexual conduct as defined in ORS 167.060 * * *, which use or description is patently offensive and otherwise obscene as defined in ORS 167.087(2)(b) and (c) * * *."

P2d 766 (1979), the court held that an earlier statute[2] forbidding some types of telephone calls was unconstitutionally vague. The court said:

> "ORS 166.065(1)(c) expressly makes the gravamen of the offense that the offender *communicates* rather than that he subjects the victim to some defined injury, of which the communication is only the means employed in the particular case. A statute that does not in its own terms forbid speech or other communication still would require sensitive confinement within constitutional limits, but it is less vulnerable to constitutional attack on its face." 287 Or at 523. (Emphasis in original.)

■   ORS 166.090(1)(a) does not, on its face, prohibit speech or prohibit an effect that is created by words. In *State v. Robertson*, 293 Or 402, 416, 649 P2d 569 (1982), the court said:

> "[A]rticle I, section 8, prohibits lawmakers from enacting restrictions that focus on the content of speech or writing, either because that content itself is deemed socially undesirable or offensive, or because it is thought to have adverse consequences. * * * [L]aws must focus on proscribing the pursuit or accomplishment of forbidden results rather than on the suppression of speech or writing either as an end in itself or as a means to some other legislative end."

The focus of ORS 166.090(1)(a) is not on speech, but on causing the telephone of another to ring. The fact that the evidence of the requisite intent in causing the telephone to ring may be proven by words does not necessarily render it constitutionally inadequate. For instance, in *State v. Moyle*, 299 Or 691, 705 P2d 740 (1985), the court upheld the constitutionality of ORS 166.065(1)(d),[3] which provided that a person commits the crime of harassment if a person subjects another to alarm by conveying a telephonic threat to inflict

---

[2] ORS 166.065(1)(c) (*since amended by* Or Laws 1981, ch 468, § 1) provided:

"A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he:

"* * * * *

"(c) Communicates with a person, anonymously or otherwise, by telephone, mail or other form of written communication, in a manner likely to cause annoyance or alarm."

[3] ORS 166.065(1)(d) was renumbered as ORS 166.065(1)(c) in 1987, but was not substantively amended. Or Laws 1987, ch 806, § 3.

serious physical injury. The court noted that the focus of that statute was on the effect that it proscribed and it, therefore, was constitutional so long as it did not reach constitutionally protected expression. Likewise, in *State v. Garcias*, 296 Or 688, 679 P2d 1354 (1984), the court determined that the menacing statute, ORS 163.190(1),[4] was constitutional because it focuses on the effect on the victim, even though the harm may be brought about by the use of words.

■  However, the inquiry does not end with the focus on the language of the statute. In *State v. Ray, supra*, the court noted that a statute proscribing conduct may infringe on constitutionally protected speech if it defines a crime that necessarily results only from speech. 302 Or at 599. Defendant argues that *Ray* controls, because the statute permitted the trial court to find that he lacked a communicative purpose based on the content of what he said to the 9-1-1 operator.[5] We understand his argument to be that the statute is constitutionally infirm because it is too broad, in that it prohibits protected expression. However, unlike the statute in *Ray*, ORS 166.090(1)(a) and its application to defendant are not

---

[4] ORS 163.190(1) provides:

"A person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury."

[5] The trial court found:

"Now when we look at the defendant's conduct here *I am convinced beyond any reasonable doubt that the defendant intended to harass and annoy the people receiving the calls at the emergency communications center* and specifically, although this defendant didn't know him by name, Dennis Radke. Now, from the evidence *I'm also convinced beyond a reasonable doubt that he had no communicative purpose.* This was not, there was no expression of - I think the police are doing a lousy job here and blankity, blank, blank, blank, to all of you police officers which would have demonstrated some purpose. Instead, and by way of words as Mr. Hocraffer correctly points out, would have been protected, but instead what we have is rather initial contact with essentially no, nothing much of anything said other than I think perhaps one, one or two obscenities before, and I use the term obscenity not in any legal sense, only as a kind of generically descriptive term here, but a couple of obscenities and then the phone hung up, then some other calls which do make some statements about having knives and guns there in the last contact. So there was some communication there but the, *the defendant made these calls not with any purpose to communicate, but as he indicated for his own entertainment.* So, that being the state of the evidence here, I am convinced beyond a reasonable doubt that the defendant intentionally harassed and annoyed Dennis [Radke] by causing the 911 communications phone lines to ring having no communicative purpose and I therefore find the defendant guilty of this charge of telephonic harassment." (Emphasis supplied.)

overbroad. For a law to be "overbroad," it must reach conduct, expressive or otherwise, that cannot be prohibited under the constitution. *State v. Blocker*, 291 Or 255, 261, 630 P2d 824 (1981). Causing a phone to ring in order to harass or annoy a person is not protected expression. If defendant had not said anything to the 9-1-1 operator during any of his three calls, his conduct could still be culpable under the statute. The fact that his conduct was accompanied by speech cannot, by itself, cloak the conduct with constitutional protection. *See Huffman and Wright Logging Co. v. Wade*, 109 Or App 37, 42, 817 P2d 1334 (1991).

Defendant contends that ORS 166.090(1)(a) is vague, because it does not fairly warn a person of ordinary intelligence of what conduct is prohibited. In *State v. Lowery*, 71 Or App 833, 693 P2d 1343 (1985), we held that a statute[6] that defendant concedes is "nearly identical" was valid against a similar attack. We adhere to that holding.

Defendant also challenges ORS 166.090(1)(a) on the ground that its application to him violates the First Amendment. For the same reasons that the statute does not violate the Oregon Constitution, it also passes muster under the First Amendment. *See State v. Moyle, supra*, 299 Or at 707.

Affirmed.

**JOSEPH, C. J.,** dissenting.

The majority is wrong for several reasons, only one of which I need specify.

ORS 166.090(1)(a) proscribes causing another's telephone to ring without communicative purpose *and* with the intent to harass or annoy the recipient of the call. Because the trial judge convicted defendant, it follows that he found no communicative purpose in his telephone calls. *See Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). The statute does

---

[6] The predecessor statute to ORS 166.090(1)(a) was ORS 166.065(1)(f) (*since amended by* Or Laws 1987, ch 806, § 3), which provided:

"A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, the actor:

"* * * * *

"(f) Causes the telephone of another to ring with no communicative purpose."

not define "communicative purpose." The conversations that defendant had with the 9-1-1 operator provide the *only* evidence of his intent when he caused the phone to ring. Because the conversations clearly demonstrate a communicative purpose,[1] defendant must have placed the calls *with* the intent to communicate. That he apparently intended also to harass or annoy the operator is irrelevant in this case.

I dissent.

---

[1] We cannot inquire into the validity or worth of the communication. Any communicative purpose necessarily takes defendant's conduct outside the statute.