Argued and submitted December 5, 1997, reversed and remanded January 7, 1998

# STATE OF OREGON,
*Appellant,*

*v.*

# DOMINIC HERRERA,
*Respondent.*

## (9400481CR, 9400482CR; CA A96690)

952 P2d 566

Pilar C. French, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance by respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

The trial court granted defendant's demurrer,[1] which alleged that the complaint did not charge a crime. The state appeals. We reverse.

On November 25, 1994, defendant was issued citations for taking a deer during a closed season, ORS 498.002, and wasting game, ORS 498.042(2). Defendant entered pleas of not guilty at his arraignment on January 9, 1995. Following several continuances, substitutions of counsel, and postponed trial dates, defendant filed a demurrer on November 19, 1996, alleging:

> "[T]he allegation in the complaint does not charge a crime in that it does not specifically allege:
>
> "1.   The violation was committed by a class of protected persons who are allowed to hunt in contravention of state statute and,
>
> "2.   Whether the violation took place outside an area where said hunting is permitted and,
>
> "3.   The complaint does not allege what area the state is relying on which permits said hunting."

We assume that defendant was relying on ORS 135.630, which provides, in part:

> "The defendant may demur to the accusatory instrument when it appears upon the face thereof:
>
> "* * * * *
>
> "(4) That the facts stated do not constitute an offense[.]"

The state argues that the sufficiency of game citations as accusatory instruments is controlled by ORS 153.720(2), which provides:

> "A statement or designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the offense is alleged to have occurred."

---

[1] Although the motion was brought as a "motion to dismiss," it is correctly treated as a demurrer pursuant to ORS 135.630(4).

We agree. Uniform Game Citations, like Uniform Traffic Citations, are not controlled by the statutes that apply to indictments. *State v. Barnhardt*, 67 Or App 771, 773, 680 P2d 7 (1984) (citing *State v. Denue*, 18 Or App 594, 526 P2d 455 (1974)). A complaint is sufficient even though the defendant may have to make reasonable inquiries in order to know exactly what offense is charged. *Id.* Both citations state the offense charged along with a reference to the statute allegedly violated and allege the date, time and place at which the offense is said to have occurred. On their face, both citations are sufficient as a matter of law.

■■ Defendant asserted in his demurrer that the state was required to allege certain facts relating to defendant's possible status as a Native American. However, the state is not required to negate defenses in the complaint. *See State v. McIntire*, 22 Or App 161, 165, 537 P2d 1151 (1975) (complaint was not defective in concealed weapon charge because the state failed to allege that the defendant did not have a permit). Defendant's possible status as a Native American may offer an excuse or defense at trial, but the state is not required to negate that defense in the complaint. The trial court erred in sustaining defendant's demurrer.

Reversed and remanded.