Submitted on record and brief November 13, 2002, reversed and remanded
February 19, 2003

# STATE OF OREGON,
*Appellant,*

*v.*

# GENE TUNNEY THOMAS,
*Respondent.*

## 01-04-102-CR; A116172

63 P3d 1242

On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Daniel J. Casey, Assistant Attorney General.

No appearance for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

The state appeals an order granting a demurrer to one count of an indictment charging defendant with first-degree animal abuse on the ground that the statute defining the offense is unconstitutionally overbroad. We reverse and remand.

By indictment, the state charged defendant with committing first-degree animal abuse, ORS 167.320, and unlawful use of a weapon, ORS 166.220, arising out of an incident in which he shot and killed a neighbor's dog. Defendant demurred to the first-degree animal abuse charge on the ground that the statute is unconstitutionally vague and overbroad. The challenged statute provides:

> "A person commits the crime of animal abuse in the first degree if, except as otherwise authorized by law, the person intentionally, knowingly or recklessly:
>
> "(a)    Causes serious physical injury to an animal; or
>
> "(b)    Cruelly causes the death of an animal."

ORS 167.320(1). Defendant argued that the statute is unconstitutionally vague because the phrase "except as otherwise authorized by law" makes it impossible for a reasonable person to know what is prohibited. He argued that the same statute is unconstitutionally overbroad because it purports to prohibit "a multitude of commonly practiced activities," such as killing mice, rats, rattlesnakes, and gophers or fishing with live bait. The state argued that, as applied to defendant, the statute is not unconstitutionally vague and that it is not unconstitutionally overbroad because there simply is no constitutional right to kill animals. Defendant replied that "these are inalienable rights that predate the constitution."

The trial court agreed with the state that ORS 167.320 is not unconstitutionally vague. It agreed with defendant, however, that the statute is unconstitutionally overbroad. According to the trial court, "[t]he state can not pass a law that takes away rights that everyone recognized at the time the constitutions in Oregon and the US were passed. I find that under the 10th Amend. to the US const. that this law proscribes conduct which is constitutional." The trial

court ordered that trial on the remaining count be continued pending resolution of an appeal on the dismissal of the first-degree animal abuse charge.

On appeal, the state argues that the trial court erred in concluding that the Tenth Amendment to the United States Constitution prohibits the state legislature from enacting legislation prohibiting the killing of certain animals. According to the state, the Tenth Amendment does not speak to the issue of the authority of the state to regulate the conduct of its citizens. Instead, the state argues, the Tenth Amendment speaks exclusively to the issue of the authority of the federal government in relation to the states and its citizens. Defendant did not file a brief on appeal in response to the state's arguments.

We review as a matter of law a trial court's ruling on a demurrer challenging the constitutionality of a statute under which charges have been brought. *State v. Lam*, 176 Or App 149, 154, 29 P3d 1206 (2001). A statute is unconstitutionally overbroad if it prohibits conduct that is constitutionally protected. *State v. Blocker*, 291 Or 255, 261, 630 P2d 824 (1981). Thus, the issue in this case is whether, in prohibiting the killing of certain animals, ORS 167.320 prohibits conduct that the state or federal constitution protects. At trial, defendant claimed that the right to kill animals such as rats, mice, and snakes is "inalienable." He did not attempt to explain how the state or federal constitution protects that right. The trial court identified only one basis for its conclusion that the right to kill such animals is constitutionally protected, namely, the Tenth Amendment to the United States Constitution.

The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." It expresses a limitation on *federal* authority, prohibiting the federal government from interfering with state sovereignty. As the United States Supreme Court explained in *U.S. Term Limits, Inc. v. Thornton*, 514 US 779, 801, 115 S Ct 1842, 131 L Ed 2d 881 (1995), the Tenth Amendment "draws a basic distinction

between the powers of the newly created Federal Government and the powers retained by the pre-existing sovereign States." It does not define the powers reserved to the states. *Id.* (citing *Sturges v. Crowninshield*, 17 US (4 Wheat) 122, 193, 4 L Ed 529 (1819)). Nor does it define the nature or extent of any individual rights. *See, e.g., Stone v. City of Prescott*, 173 F3d 1172, 1175 (9th Cir), *cert den*, 528 US 870 (1999) (the Tenth Amendment is not "a fount of individual constitutional rights"). It provides that, if the United States Constitution does not delegate powers to the federal government or prohibit the states from exercising them, those powers—whatever they may be—are reserved to the states or to the people.

The Tenth Amendment, therefore, does not protect against state infringement of an individual's "right" to kill mice, rats, rattlesnakes, gophers, or any other animals. It does not protect against state infringement of any right at all. As we have noted, defendant advanced at trial no other argument in support of his contention that ORS 167.320 interferes with a right protected by the state or federal constitution. We therefore conclude that the trial court erred in granting the demurrer to the charge of first-degree animal abuse.

Reversed and remanded.