Argued August 23, reversed and remanded September 9, reconsideration denied October 22, petition for review denied November 13, 1974

STATE OF OREGON, *Appellant, v.* CARL JACKSON WALTON (No. C73-10-3109), *Respondent.*

526 P2d 458

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Fred A. Divita,* Eugene, argued the cause for respondent. On the brief were Mulder, Morrow & McCrea, P.C., and Robert J. McCrea, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant was indicted for criminal activity in drugs, ORS 167.207, and carrying a concealed weapon, ORS 166.240. Prior to trial, the defendant moved to suppress the knife which was the subject of the concealed weapon indictment and the drugs which were the subject of the other indictment. The trial court allowed the motion and the state appeals pursuant to ORS 138.060 (3).

A Multnomah County sheriff's deputy observed a vehicle blocking three eastbound lanes at Halsey Street in Portland, Oregon, at about 3 a.m. He approached the vehicle and found three people in the car. A man, with a woman on his lap, was sitting behind the wheel, and they were fighting to see who was to drive. The defendant was sitting in the passenger side, slumped against the dashboard. The man and woman were arrested for drunk driving and were carried to the police car.

The deputy then returned to the car and asked defendant to step out. Defendant, though not unconscious, was incoherent. He was unable to walk so the deputy removed him from the automobile. As he did so he felt something hard under defendant's coat. He stated that the object felt long, hard and cubic and that it could have been a small caliber pistol or something innocuous. The officer then searched defendant

to determine what the hard object was and found a buck knife in a scabbard attached to defendant's belt. Defendant was then placed under arrest for carrying a concealed weapon. Promptly thereafter a more complete search of defendant's person was conducted and drugs were found in defendant's pocket. The trial court suppressed the evidence, apparently because the defendant was grossly intoxicated and was not being aggressive toward the officer.

We disagree with the trial court's disposition of the motion. Here the officer came upon an emergency situation: a car that was blocking three lanes of a highway at 3 a.m. with two people sitting in the driver's seat fighting over who was going to drive it, and both incoherently drunk. The other person was slumped over the dashboard and apparently equally incoherent. After arresting the contending drivers it was necessary to tow the automobile, and it thus became necessary to have defendant leave the vehicle. Since defendant was apparently unable to leave by himself, the officer attempted to assist him. It was in so doing that he came in contact with the hard object which further inspection revealed to be the concealed weapon.

The officer made the initial discovery while engaging in an activity he was entitled to pursue and in a place where he was entitled to be. Once the circumstances arose which suggested that defendant might be armed, we have previously held "we shall not draw a fine line measuring the possible risk * * *." The officer properly could make the search. *State v. Lewis,* 10 Or App 378, 380-81, 499 P2d 836, Sup Ct *review denied* (1972). Indeed he would have been remiss in his duty had he failed to pursue the

search. Having felt the hard object as he described it, the officer could reasonably have entertained a well-warranted suspicion that a crime was being committed in his presence, to-wit, carrying a concealed weapon. With that in mind he was entitled to determine what the object was. Having done so, and finding that defendant was, in fact, carrying a concealed weapon, the officer could continue the search at the scene prior to placing defendant in the police car for transportation to the station. In *State v. Swartsfager*, 11 Or App 69, 73, 501 P2d 1321 (1972), we mentioned the reasons why such a search is important, including safety of the arrestee, safety of other arrestees and prevention of disposal of contraband.

As we said in *Swartsfager,* and the same is true here, the procedure followed was reasonable both for the protection of the police and of the defendant.

Reversed and remanded for trial.