Submitted on record and briefs January 20, reversed and remanded June 27, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## DOUGLAS ALBRECHT BARNDT,
*Appellant.*

(10-82-07394; CA A28453)

683 P2d 166

Arlene A. Platt, Eugene, filed the brief for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Jan Peter Londahl, Assistant Attorney General, Salem, filed the brief for respondent.

Mary Ann Bearden, Eugene, filed a brief amicus curiae for American Civil Liberties Union Foundation of Oregon, Inc.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his conviction for possession of a controlled substance, contending that the trial court should have suppressed certain evidence seized and statements made. We agree. Accordingly, we reverse.

On August 28, 1982, at approximately 4:10 a.m., Officer Campbell of the State Police was patrolling on Coburg Road in Eugene. As he drove past an Albertson's store, he noticed defendant and two companions, Webster and Case, standing outside a pickup truck parked next to a telephone booth in the parking lot. The officer drove into the parking lot to investigate and observed two beer bottles on the ground near the truck. He parked his patrol car directly behind the truck and approached the three men to ask for identification, because he believed that they might be minors in possession of alcohol. After he determined that they were all over 21, he asked to see the vehicle's registration. As Webster and defendant opened the glovebox to retrieve it, Campbell shined his flashlight directly into the glovebox and saw what he believed to be marijuana. He then asked for consent to search the truck. Webster consented; the search uncovered marijuana paraphernalia in the glovebox and under the seat and psylocybin mushrooms, marijuana and a small quantity of amphetamines inside a zipped athletic bag. After Campbell found the contraband, he asked the three men to whom the drugs belonged. Defendant responded that they were his. He was then arrested and advised of his rights.

Defendant moved to suppress the evidence found in the athletic bag and the incriminating statements made in response to the officer's questioning. The trial court denied the motion, concluding that, under the circumstances, the officer's contact with defendant and his companions and his requests for identification and vehicle registration were reasonable. The court also found that the officer's questions, once the drugs were found, were reasonable preliminary questions to ascertain which person he should arrest. The case then was tried to the court on stipulated facts, and defendant was found guilty. This appeal followed.

Defendant first contends that the officer's initial encounter with him and his two companions constituted a stop and was unauthorized under either Or Const, Art I, § 9, or

ORS 131.605 to 131.615, because it was not based on reasonable suspicion.[1] The state contends, to the contrary, that the encounter was a "mere conversation" for which reasonable suspicion is not needed. *State v. Warner,* 284 Or 147, 161, 585 P2d 681 (1978). Because the only items that the defendant now seeks to have suppressed are those related to the search of the bag and the statements made by defendant following that search, we need not decide this question.[2]

■ The question we do have to decide is whether the search of defendant's bag was proper. The state, citing *State v. Kennedy, supra* n 1, argues that, even if there were some illegality in the officer's conduct before Webster's consent to search the truck, that consent cured the preceding illegality and the entire search was permissible. We hold, however, that, although, under *Kennedy,* a voluntary consent to search vitiates prior police misconduct, that rule is not applicable here, because the search of defendant's bag was conducted without consent. The trial court specifically found that Webster's consent to search the truck did not extend to defendant's closed athletic bag, inasmuch as the officer knew that

---

[1] Because the analysis of defendant's rights under ORS 131.605 to 131.615 is substantially the same as the analysis under Or Const, Art I, § 9, we limit our discussion to the statutory provisions. *See State v. Kennedy,* 290 Or 493, 624 P2d 99 (1981).

[2] We note in passing that, assuming a permissible stop, the statute limits the scope of inquiry after the stop to the immediate circumstances that aroused the officer's suspicion. ORS 131.615(3). When the officer approached the three men, his concern was whether they were minors possessing alcohol. Once he had determined that they were all of legal age, his reason for the stop had dissipated. At that point, any stop *exceeded* permissible limits. He had no basis for asking for the vehicle's registration. His testimony candidly indicates that his request was largely an excuse to begin investigating for evidence of other crimes unrelated to the reason for the stop.

Three members of the Oregon Supreme Court recently joined in a footnote that states:

"It never ceases to amaze this writer that persons who unlawfully possess dope are so careless in handling the dope as to expose it unnecessarily to a police officer conducting a traffic investigation. Perhaps it is some felt need for punishment that would be familiar to Sigmud Freud but seems foreign to me. On the other hand, perhaps the explanation lies in another direction. *See,* the extensive discussion of similar conduct in Sevilla, *The Exclusionary Rule and Police Perjury,* 11 San Diego L Rev 839, 863-875." *State v. Jackson,* 296 Or 430, 448 n 6, 677 P2d 21 (1984) (Lent, J., dissenting).

We are at a loss to know why those members of the court would think it appropriate to offer such an offhand and wholesale indictment of the law enforcement profession. We specifically reject the idea.

not all the luggage belonged to the person who gave him consent. Because there is evidence in the record to support that finding, we are bound to accept it. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). Defendant gave no separate consent to search. It follows that the evidence and the statements—which we find to be inextricably bound to the evidence—were obtained illegally.

Reversed and remanded for a new trial.