Argued and submitted April 24, affirmed October 30, 1985

## STATE OF OREGON,
*Respondent,*

*v.*

## HARVEY GLENN GAITHER,
*Appellant.*

(C84-02-30761; CA A33448)

708 P2d 646

Sally L. Avera, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Linda J. DeVries, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James E. Mountain, Jr., Solicitor General and Dave Frohnmayer, Attorney General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992. He assigns as error the court's denial of his motion to suppress "all evidence which was the product of an illegal search" that the police made, including an aluminum foil "bindle" containing heroin. The state concedes that, if the search for the heroin was illegal, defendant's subsequent confession was also inadmissible. The court did not err in denying defendant's motion to suppress, and we affirm.

The court made no findings of historical fact, but they are not in dispute.[1] Officer Sviler stopped defendant's car, because it had no front license plate and only one operative brake light. Defendant had no operator's license and told the officer his name was "Jimmy Gibson." Sviler recognized defendant and knew his real name. He called another officer, and they removed defendant from his car, arrested him for misuse of a driver's license[2] and placed him in handcuffs.[3]

Sviler knew that defendant had used drugs in the past. He asked defendant if he had any drugs or weapons on his person. Defendant said, "No." Sviler then asked defendant if he could search him. Defendant replied, "Yeah, go ahead. I don't have nothing on me." Sviler searched defendant and he found a small piece of folded tin foil in his right sock. Sviler asked defendant what was in the tin foil bindle, and he replied, "That ain't mine. You didn't find that on me." On the basis of his training and experience, Sviler was "sure" that the bindle contained heroin. Without obtaining a search warrant, he

---

[1] Defendant offered a different account of the arrest at trial, but he did not testify at the hearing on the motion to suppress.

[2] Defendant was also convicted of misuse of a driver's license, ORS 482.610, but does not appeal that conviction.

ORS 482.610 provides:

"No person knowingly shall commit any of the following acts:

" * * * * *

"(4) Use or give a false or fictitious name, address or date of birth to any police officer for any violation of the motor vehicle laws."

[3] After arresting defendant, Sviler ran a computer check and learned that there were two warrants outstanding for defendant's arrest for failure to appear on theft and assault charges.

unfolded the tin foil and discovered a tarry substance which, from his training and experience, he believed to be heroin, particularly because of its appearance and odor.

The police then took defendant to jail. They gave him the *Miranda* warnings while he was in the back seat of the police car and interrogated him further. He made additional incriminating statements. The police conducted laboratory tests of the contents of the bindle without a warrant. The tests confirmed that the substance was heroin.

Defendant asserts that Article I, section 9, of the Oregon Constitution and the Fourth Amendment required the police to obtain a warrant to search his person, to seize the bindle, to open it and to test its contents. The state asserts that, because defendant consented to the search, the police did not need to obtain a search warrant for any purpose. *Schneckloth v. Bustamonte,* 412 US 218, 93 S Ct 2041, 36 L Ed 2d 854 (1973); *State v. Douglas,* 260 Or 60, 68, 488 P2d 1366 (1971).

■ Defendant first argues that his consent was not voluntary. The state must establish consent by "clear and convincing" evidence. *State v. Kennedy,* 290 Or 493, 502, 624 P2d 99 (1981). We are not bound by a trial judge's finding of consent if we find that the historical facts are insufficient to satisfy constitutional standards. *State v. Warner,* 284 Or 147, 158, 585 P2d 681 (1978). Under both constitutions, the proper test is whether the totality of the facts and circumstances show that consent was given by defendant's free will or was a result of coercion, express or implied. *Schneckloth v. Bustamonte, supra,* 412 US at 226-227; *State v. Flores,* 280 Or 273, 570 P2d 965 (1977).

■ Defendant argues that, because he was in custody and the police did not give him *Miranda* warnings or advise him of his right to refuse to consent to a search, his consent was not voluntary. The fact of lawful custody does not render involuntary an otherwise voluntary consent. The failure of the police to give *Miranda* warnings and inform him of his right to refuse consent are only factors in determining voluntariness. *Schneckloth v. Bustamonte, supra,* 412 US at 227; *State v. Campbell,* 43 Or App 979, 984, 607 P2d 745 (1979).

■ There is no evidence that defendant's consent was

obtained by illegal or coercive police conduct. The setting was not threatening. Defendant gave his consent after a brief discussion with Sviler on a public street in front of two or three people who had gathered to watch. There were no overt acts, threats of force, promises or indications of subtle forms of coercion. Defendant appears to have consented to the search in the belief that the police would not find incriminating evidence. Although defendant was under arrest, there was no indication that he was mentally deficient or unable to exercise a free choice. Accordingly, we find that his consent was voluntary.

Defendant also argues that the scope of his consent was not broad enough to allow the police to search him, to seize the bindle, to open it and to test its contents, which are separate constitutional events under the Oregon Constitution. *See State v. Lowry,* 295 Or 337, 667 P2d 996 (1983); *State v. Herbert,* 75 Or App 106, 705 P2d 220 (1985). Each step must be justified by an exception to the warrant requirement, and "it is irrelevant whether a previous or subsequent step is within an exception." *State v. Westlund,* 75 Or App 43, 48, 705 P2d 208 (1985). "When police rely on consent as a basis of a search, they have no more authority to search than they are given by consent. Thus, a consent to search may be confined in scope to specified items, restricted to certain areas or limited in purpose or time." *State v. Lerch,* 63 Or App 707, 712, 666 P2d 840 (1983), *aff'd* 296 Or 377, 677 P2d 678 (1984); *see also United States v. Dichiarinte,* 445 F2d 126 (7th Cir 1971).

Sviler's request for permission to search defendant's person contained no limitations, and defendant did not place any limitations on the consent that he gave. Defendant did not withdraw his consent after Sviler found the bindle and before he had opened it. Instead, defendant denied that the bindle was his or that the officer had found it on his person. He did not object to its further examination and opening. Accordingly, we hold that defendant's consent was broad enough in scope under the Oregon Constitution to justify the search of defendant's person, the seizure of the bindle and its opening. We reach the same conclusions under the Fourth Amendment. *See United States v. White,* 706 F2d 806 (7th Cir 1983); *United States v. Covello,* 657 F2d 151 (7th Cir 1981).

Defendant did not raise in his motion to suppress or

in his argument on that motion in the trial court that the laboratory test of the contents of the bindle violated the Oregon or federal constitutions. Accordingly, we do not consider it.

Because, on this record, we hold that Sviler's search of defendant, seizure of the bindle, and opening of it were valid under both the Oregon and United States Constitutions, they did not taint defendant's subsequent admissions.

Affirmed.