Argued and submitted July 27, affirmed December 5, 1990, reconsideration denied February 27, petition for review denied April 2, 1991 (311 Or 261)

STATE OF OREGON,
*Respondent,*

*v.*

TONDA ALLEN,
*Appellant.*

(J88-0186; CA A61569)

802 P2d 91

Henry M. Silberblatt, Salem, argued the cause for

appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warren and Deits, Judges.

DEITS, J.

### DEITS, J.

Defendant seeks reversal of her conviction for possession of a controlled substance. ORS 475.992. The trial court denied her motion to suppress evidence found during a search of her purse, holding that the search was conducted with her consent. We affirm.

Reedsport police officer Boggs was patrolling on Highway 101 shortly before 8:00 p.m. on November 21, 1987, when he observed the passenger of a 1968 Chevrolet ducking down as if to prevent Boggs from seeing him. Boggs did a radio check on the vehicle and discovered that there was an outstanding felony warrant[1] for its registered owner. He then stopped the vehicle and called for backup officers. Boggs first approached defendant, who was driving. She told him her name, that the car was hers and that she did not have a driver's license with her. Two other officers arrived, and Boggs turned his attention to Barker, the passenger, asking him to get out of the car. One or more of the officers had a gun drawn. Barker confirmed that he was the subject of the warrant and showed his driver's license to Boggs, who placed him under arrest. Barker asked the officer to give his wallet to defendant for safekeeping. As Boggs was putting Barker's identification back into the wallet, he saw a clear plastic bag containing a white paste. When asked, Barker admitted that the substance was methamphetamine. Boggs then advised him of his rights and obtained his consent to search the car. Barker told Boggs that there was a loaded handgun in the center console.

While Boggs was questioning Barker, Deputy Mayfield was standing with defendant approximately 30 feet away, near the front of the car. Mayfield was discussing with defendant how she was going to get home, in view of the fact that she did not have her license with her. He asked her if there were any weapons in the car and if the officer could search it. She said that there were no weapons and that she did not care if they searched the car. However, when Boggs had some difficulty locating the gun in the vehicle, defendant told him where to look. He found a .38 caliber revolver in the console. While Boggs was searching the car, defendant asked if she could have

---

[1] Officer Boggs testified that he thought that the warrant was for robbery in the third degree.

a cigarette. Boggs handed Mayfield defendant's purse and a package of cigarettes from the car. He told Mayfield that he had not yet searched the purse for weapons or contraband. Before he handed the purse to her, Mayfield asked defendant if there were any weapons in it. She replied that the purse contained a knife. When he asked if he could look in the purse, she again said that she did not care. Mayfield found a knife and a tin container. He opened the container and found plastic baggies containing methamphetamine. Boggs then advised defendant of her rights.

Defendant was charged with possession of a controlled substance, ORS 475.992, and unlawful possession of a weapon.[2] ORS 166.250(1)(b). She moved to suppress the evidence found in her purse, arguing that no valid consent had been given for the search. The trial court held that the consent was voluntary. After a trial on stipulated facts, defendant was convicted of possession of a controlled substance. ORS 475.992.

Defendant first argues that her consent was not voluntary. Under both the federal and state constitutions, the test for voluntariness is whether the totality of facts and circumstances show that consent was given by defendant's free will or was the result of express or implied coercion. *Schneckloth v. Bustamonte,* 412 US 218, 226-27, 93 S Ct 2041, 36 L Ed 2d 854 (1983); *State v. Flores,* 280 Or 273, 570 P2d 965 (1977). Defendant asserts that the atmosphere surrounding the search was "certainly coercive." At the suppression hearing, defendant testified that she believed that she had no choice but to agree to the officer's requests. However, the facts support the conclusion that the consent was voluntary.

Defendant does not claim any illegality or deception on the part of the police. She was unrestrained throughout and was left unattended at times. There was evidence that at least one of the officers had a gun drawn when Barker was asked to step from the car, but the focus by the police during the encounter clearly was on Barker.[3] Defendant testified that the officers' guns were not drawn when she was asked to step from the car. Before the methamphetamine was discovered in the

---

[2] The weapons charge was dismissed on the state's motion.

[3] Defendant stated that the officers "drew on Barker like he was a bad criminal."

purse, the officers had been discussing with her how she might get home. There is no evidence of any hostility by the police directed to defendant. We conclude that the trial court did not err in finding that her consent was voluntary.

■ ■ Defendant also argues that, if her consent to search was voluntary, it did not extend to the metal container within her purse. A consent to search may be confined to specified items, restricted to certain places and limited in purpose or time. *State v. Gaither,* 76 Or App 201, 708 P2d 646 (1985); *State v. Lerch,* 63 Or App 707, 712, 666 P2d 840 (1983), *aff'd* 296 Or 377, 677 P2d 678 (1984). Here, however, Mayfield's request to search defendant's purse contained no limitations, and she did not place any restrictions on her consent. Further, defendant did not in any way revoke her consent before Mayfield opened the metal container. We conclude that, under Article I, section 9, the search of the purse and its contents was valid because of defendant's consent.

We reach the same conclusion under the Fourth and Fourteenth Amendments. *See United States v. White,* 706 F2d 806 (7th Cir 1983); *United States v. Covello,* 657 F2d 151 (7th Cir 1981).

Affirmed.