Argued and submitted January 11, affirmed February 16, reconsideration denied
April 1, petition for review denied May 24, 1983 (295 Or 122)

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL S. BOYCE,
*Appellant.*

(225173, CA A25625)

658 P2d 577

Ivan J. Vesely, Portland, argued the cause and filed the brief for appellant.

Linda Acaldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

GILLETTE, P. J.

Defendant appeals his conviction for carrying a loaded firearm on the ground that the ordinance under which he was convicted violates Oregon Constitution, Article I, Section 27. We disagree and affirm.

A City of Portland police officer noticed defendant's automobile travelling "at a high rate of speed without headlights." The officer stopped defendant and walked toward the car. As he drew closer, he observed "what looked like a possible automatic handgun lying on the seat * * *." He reached in and found a loaded. 32 caliber automatic. Defendant was charged, tried and convicted under Portland Ordinance No. 138210, Sec. No. 14.32.010, which provides:

"It is unlawful for any person on a public street or in a public place to carry a firearm upon his person, or in a vehicle under his control or in which he is an occupant, unless all ammunition has been removed from the chamber and from the cylinder, clip or magazine."

Defendant's sole contention on appeal is that the ordinance violates Article I, Section 27. That provision states:

"The people shall have the right to bear arms for the defence [sic] of themselves, and the State, but the Military shall be kept in strict subordination to the civil power[.]"

In addition to the language of the Constitution, defendant bases his argument on two recent cases from the Oregon Supreme Court construing section 27. The first, *State v. Kessler,* 289 Or 359, 614 P2d 94 (1980), concerned a state statute that prohibited, *inter alia,* the possession of switchblade knives, blackjacks, billy clubs and other listed weapons. After a lengthy discussion of the antecedents of section 27 and the historical context in which it was adopted, the Supreme Court concluded that the provision guaranteed an individual's right "to possess certain arms for defense of person or property." 289 Or at 371. The court also concluded that billy clubs, like the ones the police had discovered in defendant's apartment, were the types of hand-carried "weapons of personal defense" that the drafters intended to include within the term "arms." Accordingly, the court held that "the defendant's possession of a billy club in his home is protected by Article I, Section 27, of the

Oregon Constitution." 289 Or at 372. The second case, *State v. Blocker,* 291 Or 255, 630 P2d 824 (1981), involved the same statute and a defendant whose alleged violation arose from the presence of a billy club in his automobile. The Supreme Court explained that the distinction between home and automobile was immaterial[1] and that the "mere possession" of a billy club, at home or elsewhere, was constitutionally protected. 291 Or at 260.

Defendant argues that *Blocker* controls this case because the facts in the two cases "are virtually identical, * * * the only difference being the character of the weapon." We do not agree.

The most important distinction between *Blocker* and this case is that the statute in *Blocker* and *Kessler* and the ordinance here are fundamentally different. The statute, ORS 166.510(1), proscribed the "mere possession" of certain weapons, and that was the characteristic that made it unconstitutional. The Portland ordinance, on the other hand, does not proscribe the mere possession of anything. Under it, an individual may possess both a firearm and ammunition. He may even possess a loaded firearm, so long as he is not in a public place. In a public place, he may posess both a firearm and ammunition, so long as the ammunition is not in the chamber, cylinder, clip or magazine. Thus, the quality that rendered ORS 166.510 unconstitutional is not present in the Portland ordinance.

■ The ordinance does regulate the manner of possession, something that *Kessler* and *Blocker* both recognize as permissible when the regulation is reasonable.[2] In fulfilling its obligation to protect the health, safety and welfare

---

[1] *State v. Blocker, supra,* states:

"The text of the constitution * * * is not qualified as to place except in the sense that it can have no effect beyond the geographical borders of this state." 291 Or at 259.

[2] The court in *Kessler* stated:

"The constitutional guarantee that persons have the right to 'bear arms' does not mean that all individuals have an unrestricted right to carry or use personal weapons in all circumstances. * * * [T]he danger of firearms was recognized shortly after the development of gunpowder. * * * 289 Or at 369-70.

In *Blocker,* the court went to great pains to point out that neither *Blocker* nor *Kessler*

of its citizens, a government body must sometimes pass legislation that touches upon a right guaranteed by the state or federal constitution. Such an encroachment is permissible when the unrestricted exercise of the right poses a clear threat to the "interests and welfare of the public in general," *Christian et al. v. La Forge,* 194 Or 450, 462, 242 P2d 797 (1952), and the means chosen by the government body do not unreasonably interfere with the right.

■ This is a case where a restrained exercise of the police power is permissible. As *Kessler* points out, and as we think obvious, firearms are extraordinarily dangerous. The danger is particularly severe when the firearms are in public places and loaded. Portland has identified a need to protect its citizens from the hazards that are created when people are permitted to roam free with loaded guns at their sides. The City's assessment was reasonable, and it chose a permissibly limited form of intrusion on the right.

Section 27 was intended, in part, to enable people to protect their property and themselves. When a threat to person or property arises in the victim's home or other private place, the ordinance will not interfere at all with the victim's defense capacity. It is true, on the other hand, that, when the threat arises in a public place, the fact that a person must have any ammunition separated from his firearm will hinder him to the extent that he is put to the trouble of loading the weapon. However, given the magnitude of the City's felt need to protect the public from an epidemic of random shootings, we think that the hindrance is permissible.

City of Portland Ordinance No. 138.210, Sec. No. 14.32.010, which regulates the manner of possession of a firearm, does not violate Oregon Constitution, Article I, Section 27.[3]

Affirmed.

---

"* * * goes to the question of permissible legislative regulation of the manner of possession or of regulation of the use of the billy. Indeed, in *Kessler,* we expressly noted the possibility of that kind of regulation. * * *" 291 Or at 259.

[3] Defendant makes a one-sentence state preemption argument, but he does not cite a statute that either conflicts with the ordinance or reserves this type of regulation to the state. Because we know of none, we find this argument unpersuasive.