Argued and submitted April 24, affirmed June 14, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## DAYNE ARTHUR SMOOT,
*Appellant.*

(B68-696; CA A47755)

775 P2d 344

James W. Kirk, Springfield, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from a conviction for carrying a concealed weapon, a switchblade knife, in his trouser pocket. ORS 166.240. He argues that ORS 166.240(1) is unconstitutional, because it violates Article I, section 27, of the Oregon Constitution.[1] We affirm.

ORS 166.240(1) provides, in relevant part:

"[A]ny person who carries concealed upon the person any knife having a blade that projects or swings into position by force of a spring or by centrifugal force and commonly known as a switchblade knife * * * commits a Class B misdemeanor."

Defendant argues that the statute is unconstitutional, because historically knives have been carried in trouser pockets and because a switchblade is a modern version of the type of knife that was carried at the time of the adoption of Article I, section 27. Although he concedes that the legislature may regulate the use and possession of weapons, he asserts that ORS 166.240(1) is unconstitutionally overbroad, because it impinges upon a person's constitutional right to possess a switchblade. *See State v. Delgado,* 298 Or 395, 692 P2d 610 (1984).

In *State v. Kessler,* 289 Or 359, 614 P2d 94 (1980), the court stated:

"The constitutional guarantee that persons have the right to 'bear arms' does not mean that all individuals have an unrestricted right to carry or use personal weapons in all circumstances. * * * The courts of many states have upheld statutes which restrict the possession or manner of carrying personal weapons. The reasoning of the courts is generally that a regulation is valid if the aim of public safety does not frustrate the guarantees of the state constitution." 289 Or at 369.

*See also State v. Delgado, supra,* 298 Or at 403-04; *State v. Blocker,* 291 Or 255, 259-60, 630 P2d 824 (1981); *State v. Robinson,* 217 Or 612, 614-19, 343 P2d 886 (1959).

Contrary to defendant's argument, ORS 166.240(1)

---

[1] Article I, section 27, provides:

"The people shall have the right to bear arms for the defence [sic] of themselves, and the State, but the Military shall be kept in strict subordination to the civil power[.]"

does not impinge on the constitutional right to possess a switchblade knife. A person may possess and carry a switchblade so long as it is not concealed. Rather, ORS 166.240(1) regulates only the manner of possession. *See State v. Boyce,* 61 Or App 662, 658 P2d 577, *rev den* 295 Or 122 (1983). That does not frustrate the guarantee of Article I, section 27, which is identical to Article I, sections 32 and 33, of the Indiana Constitution. Carey, *A History of the Oregon Constitution* 469 (1926). In *McIntyre v. State,* 170 Ind 163, 83 NE 1005 (1908), the Indiana Supreme Court held that the Indiana Constitution permits reasonable regulation of the right to bear arms, and that legislation prohibiting the carrying of concealed weapons is valid. In light of that historical perspective, and because the legislative encroachment on the right to bear arms is reasonably related to public safety and interferes only with the manner of possession, and not possession itself, we hold that ORS 166.240(1) does not violate Article I, section 27.

Affirmed.