Argued and submitted November 17, 1989, affirmed January 17, reconsideration denied March 2, petition for review denied March 27, 1990 (309 Or 522)

STATE OF OREGON et al,
*Respondents,*

*v.*

RICHARD NEIL FISHER,
*Appellant.*

(DA 391161-8903; CA A61046)

785 P2d 369

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In a trial to the court, defendant was found guilty of unlawful possession of a firearm, ORS 166.250, and of carrying a loaded firearm within the city. Portland City Code § 14.32.010. The convictions were merged for all purposes, resulting in a judgment of conviction for unlawful possession of a firearm only. On appeal, defendant assigns error only to the trial court's denial of his motion for judgment of acquittal, contending that the court erroneously interpreted ORS 166.250.

■     Given the limited question presented on appeal, a detailed statement of facts is not necessary. Suffice it to say that defendant was stopped while driving his automobile at an excessive speed. When the officer walked up to the automobile, he observed defendant take something from his left hand, put it in his right hand and place it on the floor under the driver's seat. The officer ordered defendant out of the car and asked him what he had put on the floor; defendant replied that it was a gun. The officer seized the gun, at which point defendant also handed the officer a belt holster for it. Defendant testified that he was wearing the gun in the holster on his left side while he was driving his car. He was wearing a jacket that could have covered the holstered gun.

■     So far as relevant, ORS 166.250 provides:

"(1)   Except as otherwise provided in this section, ORS 166.260, 166.270, 166.280, 166.290 or 166.410 to 166.470, a person commits the crime of unlawful possession of a firearm if the person knowingly:

"* * * * *

"(b)   Carries any firearm concealed upon the person, without having a license to carry such firearm as provided in ORS 166.290; or

"(c)   Carries concealed and readily accessible about the person within any vehicle which is under the person's control or direction any firearm capable of being concealed upon the person, without having a license to carry such firearm as provided in ORS 166.290.

"* * * * *

"(3) Firearms carried *openly* in belt holsters are not concealed *within the meaning of this section.*" (Emphasis supplied.)

Defendant contends that subsection (3) means that a firearm carried openly in a belt holster is not concealed within the meaning of subsections (1)(b) or (c). In denying defendant's motion, the trial court held that subsection (3) is not applicable when the person is in an automobile. For that reason, it denied defendant's motion.

We conclude that the plain language of ORS 166.250 does not make it unlawful for a person to carry a firearm openly in a belt holster, whether or not the person is riding in a motor vehicle. *See State v. Johnson,* 96 Or App 166, 772 P2d 426 (1989). Although we conclude that the trial court was in error in its interpretation of the statute, there was other evidence of concealment from which the finder of facts could have found that defendant was guilty of violating the statute. Accordingly, defendant's motion for judgment of acquittal was properly denied.

Affirmed.