Argued and submitted January 11, 1991, affirmed February 12, 1992

In the Matter of Patrick Owenby,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

PATRICK OWENBY,
*Appellant.*

(9001-95043; CA A63614)

826 P2d 51

Paul L. Breed, Portland, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

The trial court found that defendant suffers from a mental disorder, is dangerous to himself and to others and that he is unwilling, unable or unlikely to participate in treatment on a voluntary basis, and ordered him committed. ORS 426.070 *et seq*. The court then ordered that defendant be prohibited from purchasing or possessing firearms for a period of five years, pursuant to ORS 426.130(1)(b)(D). On appeal, defendant challenges only the order prohibiting him from purchasing or possessing firearms.

On the night that defendant was taken to the hospital by Deputy Gates, he had threatened to kill Margaret Zamora's husband, Tony. Defendant had come "into the kitchen with [an] ax kind of behind his back" and took the ax into Zamora's back yard. He was very hostile. Defendant said, "Well, I have to do it tonight. I have to finish the job tonight. I didn't do it New Years' Eve so I've got to get it done tonight." When Zamora asked him what he was going to get done, defendant said, "I've got to kill." When Zamora asked whom he wanted to kill, defendant said, "Bob [his ex-wife's by then deceased husband] and Tony." When Gates arrived at Zamora's home, defendant lunged at the officer, going for his gun.

Defendant drinks heavily and, when he drinks, he becomes hostile and aggressive. He had taken overt steps toward killing his ex-wife's second husband, Bob Socha. He had planned to take him to the country in Socha's car and kill him. He deliberately broke the inside door handle on the car so that Socha would be unable to get out. As it turned out, however, Socha was murdered by defendant's roommate, Pitts (who also was Socha's brother-in-law). Defendant was pleased that Socha had been killed but wished that he, rather than Pitts, had done the killing.

ORS 426.130 provides, in relevant part:

"(1)    After hearing all of the evidence, and reviewing the findings of the examining persons, the court shall determine whether the person is mentally ill. If, in the opinion of the court, the person is:

"* * * * *

"(b) Mentally ill based upon clear and convincing evidence, the court:

"* * * * *

"(D) Shall order that the person be prohibited from purchasing or possessing a firearm if, *in the opinion of the court*, the prohibition is *necessary* as a result of the person's mental or psychological state as demonstrated by a past pattern of behavior or participation in incidents involving unlawful violence or threats of unlawful violence, or by reason of a single incident of extreme, violent, unlawful conduct." (Emphasis supplied.)[1]

Defendant argues that ORS 426.130(1)(b)(D) violates his right to free speech under the state and federal constitutions, because it conditions his civil rights on communications of expressive behavior. He did not preserve either claim below, and we decline to consider them for the first time on appeal.

Defendant's main contention is that ORS 426.130(1)(b)(D) violates his right to bear arms under the Oregon and federal constitutions.[2] The right to bear arms is not absolute. In the exercise of its police power, the legislature may enact reasonable regulations limiting the right and has done so, for example, by prohibiting: possession of a firearm by convicted felons, ORS 166.270; *State v. Robinson*, 217 Or 612, 618-19, 343 P2d 886 (1959); carrying a concealed weapon, ORS 166.240; possession by inmates of institutions, ORS 166.275, and possession of loaded firearms in a public building. ORS 166.370. Limitation on the right to bear arms is permissible when the unrestricted exercise of the right poses a threat to the public and the means chosen to protect the public does not unreasonably interfere with that right. *State v. Boyce*, 61 Or App 662, 666, 658 P2d 577, *rev den* 295 Or 122 (1983).

---

[1] The statute requires that the court find by clear and convincing evidence that the person is mentally ill. The court did so. However, in the order prohibiting defendant from purchasing or possessing firearms, defendant is referred to as "the *alleged* mentally ill person." Defendant has not contested the form of the order.

[2] Or Const, Art I, § 27, provides:

"The people shall have the right to bear arms for the defence (*sic*) of themselves, and the State, but the Military shall be kept in strict subordination to the civil power."

The Second Amendment to the United States Constitution provides that "the right of the people to keep and bear Arms, shall not be infringed."

Given the nature of firearms, *see State v. Kessler*, 289 Or 359, 369-70, 614 P2d 94 (1980), the danger that the statute seeks to avert here is a serious one. The restriction on the right of mentally ill persons to bear arms, on the other hand, is relatively minor. The statute is narrowly drawn and may be invoked only when it is shown that the prohibition is *necessary* "as a result of the mentally ill person's mental or psychological state," as demonstrated by past behavior that involves unlawful violence or threats of unlawful violence. Although the statute imposes no time limit on the prohibition, ORS 166.274(6)[3] permits the person to obtain judicial relief from an order under ORS 426.130(1)(b)(D). Because the regulation is a reasonable and narrowly drawn restriction on the right to bear arms, it does not violate Article I, section 27.[4] *State v. Robinson*, 217 Or 612, 343 P2d 886 (1959).

■■ Defendant next contends that the statute requires proof by clear and convincing evidence to support an order restricting his right to bear arms and that the trial court did not use those words. ORS 426.130(1)(b) requires that the court first find by clear and convincing evidence that a person is mentally ill. The dispositional provisions that follow, of which ORS 426.130(1)(b)(D) is one, do not require that quantum of proof. However, if the court orders that the person be prohibited from purchasing or possessing a firearm, ORS 166.274(6) requires that, in order to regain that right, he must show by clear and convincing evidence that he poses no threat to public safety. We assume that the omission of a similar requirement to support the prohibition from purchasing or possessing a firearm is a deliberate legislative choice. *See Donaldson v. Lane County Local Govt. Bdry. Comm.*, 99 Or App 430, 433-34, 782 P2d 449 (1989). Even if that quantum of proof were required, on *de novo* review, we

---

[3] ORS 166.274(6) provides:

"If the petitioner seeks relief from the bar on possessing or purchasing a firearm, relief shall be granted when the petitioner demonstrates, by clear and convincing evidence, that the petitioner does not pose a threat to the safety of the public or the petitioner."

[4] We need not consider defendant's contention that the statute violates the Second Amendment to the United States Constitution, because that amendment "is a limitation only upon the power of the Congress and the national government and not that of the state." *State v. Cartwright*, 246 Or 120, 137, 418 P2d 822, *cert den* 386 US 937 (1967).

hold that there is clear and convincing evidence to support the order.

■　　　Defendant also argues that, if the statute requires less than clear and convincing evidence, it violates the federal Due Process Clause. *Galioto v. Department of Treasury*, 602 F Supp 682 (DNJ 1985), *vacated* 477 US 556 (1986), held that a similar federal statute violated federal due process standards, because the defendant had no opportunity to regain his right by showing that he was no longer dangerous.[5] The court held that the irrebuttable presumption that, once committed, the person was forever mentally ill and dangerous and permanently prohibited from possessing a firearm, violated due process, because it did not "include [a] provision for the granting of relief from [firearm] disability to former mental patients" and, therefore, was not rationally related to public safety. 602 F Supp at 691. The Oregon statutory scheme, however, permits a person who is subject to such an order to show that he no longer poses a threat to the safety of society and, thereby, regain his right to possess or purchase firearms. There is no violation of federal due process rights.

■　　　Finally, defendant contends that the statute is void for vagueness under Oregon Constitution, Article I, sections 20 and 21.[6] The vagueness test applies only to criminal laws; accordingly, it is inapplicable here. *Megdal v. Board of Dental Examiners*, 288 Or 293, 299, 605 P2d 273 (1980); *Anderson v. Peden*, 284 Or 313, 324, 587 P2d 59 (1978).

Affirmed.

---

[5] 18 USC §§ 922(d)(4) and 922(h)(4) prohibit sales of firearms to, or purchases of firearms by, any person who has been adjudicated a mental defective or who has been committed to any mental institution. The Supreme Court vacated *Galioto* after 18 USC § 925(c) was amended to provide for administrative relief from firearms disability.

[6] Defendant cites the *ex post facto* provision of the Oregon Constitution but fails to elucidate its applicability in this context. Accordingly, we do not address it.