Argued and submitted February 3, reversed June 10, 1992

STATE OF OREGON,
*Respondent,*

*v.*

DONALD AUGUST STEVENS,
*Appellant.*

(D901370M; CA A66794)

833 P2d 318

John J. Tyner III and Tyner & Associates, Hillsboro, filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

■ The question presented by this case is whether one can be convicted for carrying a concealed switchblade within one's own home. We conclude that the answer is "no."

On March 27, 1990, officers went to defendant's residence to execute an arrest warrant. Defendant's wife answered the door and indicated that he was not at home. The officers asked if they could search the residence, and she consented. Defendant was found hiding under a pile of clothes in an upstairs bedroom. He was frisked, then handcuffed and taken outside to a patrol car. Before placing him in the car, another search was conducted, and a switchblade knife was found in his back pocket. He had not told the officers that he was carrying the knife.

Defendant was charged with carrying a concealed weapon. ORS 166.240.[1] At trial, an officer testified that the arrest for that offense was predicated on defendant's having carried the switchblade in his pocket both inside and outside the house. Defendant moved for acquittal on the grounds that ORS 166.240 is not applicable to a person who carries a concealed switchblade within the confines of his own home and that any other reading of the statute would violate Article I, section 27, of the Oregon Constitution.[2] The motion was denied, and defendant was convicted.

In *State v. Kessler*, 289 Or 359, 371, 614 P2d 94 (1980), the Supreme Court held that possession of a billy club inside one's home is protected by the constitutional right to bear arms in defense of one's person and property. In *State v. Blocker*, 291 Or 255, 260, 630 P2d 824 (1981), the court determined that "mere possession" of a billy club, even *outside* the home, is protected by Article I, section 27. It noted

---

[1] ORS 166.240 provides, in part:

"(1) * * * [A]ny person who carries concealed upon the person any knife having a blade that projects or swings into position by force of a spring or by centrifugal force and commonly known as a switchblade knife, any dirk, dagger, ice pick, slung shot, metal knuckles, or any similar instrument by the use of which injury could be inflicted upon the person or property of any other person, commits a Class B misdemeanor."

[2] Article I, section 27, provides, in part:

"The people shall have the right to bear arms for the defence [sic] of themselves * * *."

that the language of that constitutional provision is "not qualified as to place * * *." 291 Or at 259. In *State v. Delgado*, 298 Or 395, 400, 692 P2d 610 (1984), the court held that a switchblade is the type of weapon that comes within the meaning of "arms" in Article I, section 27, and, accordingly, that the "mere possession or carrying of" a switchblade cannot be absolutely proscribed by the legislature.

On the other hand, the state may regulate the manner in which persons exercise their right to bear arms

> "when the *unrestricted exercise of th[at] right poses a clear threat* to the 'interests and welfare of the public in general,' and the means chosen by the government body *do not unreasonably interfere with the right.*" *State v. Boyce*, 61 Or App 662, 666, 658 P2d 577, *rev den* 295 Or 122 (1983). (Citation omitted; emphasis supplied.)

Indeed, to the extent that ORS 166.240 prohibits an individual from carrying a concealed switchblade in public, we have held that it does not violate Article I, section 27, because that prohibition "does not impinge on the constitutional right to possess a switchblade knife." *State v. Smoot*, 97 Or App 255, 258, 775 P2d 344 (1989).

Nonetheless, we conclude that, in the case at bar, ORS 166.240 was applied unconstitutionally. First, the simple act of carrying a concealed switchblade within one's own home is not the type of unrestrained rights-exercising that "poses a clear threat" to *public* safety and that can therefore be regulated. *State v. Boyce, supra*, 61 Or App at 666. Second, the state's interpretation would restrict the manner in which one could carry a legal weapon from room to room within one's home and would inhibit an act that is so intrinsic to ownership and self-defense that it would unreasonably interfere with the exercise of one's constitutional right to *possess* the switchblade. We therefore hold that ORS 166.240 applies only to the carrying of concealed weapons outside one's own home.

■ Having decided that the statute is inapplicable to defendant's possession and concealment of the knife within the confines of his home, we turn to whether defendant committed the crime of carrying a concealed weapon once he went outside in custody. The state argues that ORS 166.240

is applicable to "a person whose involuntary removal from his or her own premises is lawfully attempted or accomplished — as * * * in this case." Given the state's acknowledgement and the undisputed evidence that defendant was handcuffed and removed from his home by officers executing an arrest warrant, he did not voluntarily leave his home. By entering a home and taking a person outside, the state cannot transform a lawful private act into a public offense. To hold otherwise would allow oppressive governmental invasion of citizens' privacy and personal security. The trial court erred in denying the motion for acquittal.

Reversed.