In the Matter of James W. Weyeneth,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

James W. WEYENETH,
*Appellant.*

(9107-96559; CA A71096)

838 P2d 1113

Glen H. Downs, Portland, argued the cause and submitted the brief for appellant.

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

■ Defendant appeals from an involuntary commitment order. ORS 426.307(6). He acknowledges that he has a mental disorder. On *de novo* review, *State v. Pieretti*, 110 Or App 379, 381, 823 P2d 426 (1991), *rev den* 313 Or 354 (1992), we conclude that he is unable to provide for his basic personal needs and is not receiving care necessary for his health and safety and, for that reason, he is mentally ill. ORS 426.005(2)(b).

■ Defendant argues that, even assuming that he is mentally ill, the trial court erred by committing him. ORS 426.130 provides, in part:

"(1) After hearing all of the evidence, and reviewing the findings of the examining persons, the court shall determine whether the person is mentally ill. If, in the opinion of the court, the person is:

"* * * * *

"(b) Mentally ill based upon clear and convincing evidence, the court:

"(A) Shall order the release of the individual and dismiss the case if:

"(i) The mentally ill person is willing and able to participate in treatment on a voluntary basis; and

"(ii) The court finds that the person will probably do so.

"(B) May order conditional release under this subparagraph subject to the qualifications and requirements under ORS 426.125. If the court orders conditional release under this subparagraph, the court shall establish a period of commitment for the conditional release.

"(C) May order commitment of the individual to the division for treatment if, in the opinion of the court, subparagraph (A) or (B) of this paragraph is not in the best interest of the mentally ill person."

Defendant contends that, before the court could commit him, it had to

"articulate some rational nexus between the evidence and its conclusions that (1) defendant probably would not voluntarily participate in treatment, *and* (2) voluntary treatment would not be in defendant's best interest." (Emphasis supplied.)

The court did not have to make that connection. It found that defendant needs treatment and would not participate in voluntary treatment, and we agree. That is sufficient. The court did not also have to find that voluntary treatment was not in defendant's best interests before it could commit him.

Affirmed.