Argued and submitted April 6, affirmed October 28, 1992

In the Matter of John Doe, aka Gary Allen,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN DOE,
aka Gary Allen,
*Appellant.*

(910596063; CA A69945)

840 P2d 727

Gary K. Kahn, Portland, argued the cause and filed the brief for appellant.

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Appellant appeals his involuntary mental commitment. We review *de novo, State v. O'Neill,* 274 Or 59, 61, 545 P2d 97 (1976), and affirm.

In May, 1991, a police officer responded to a call about a disturbance in downtown Portland. He found appellant partially dressed and very agitated. His hands were bloody from hitting trees, and he was not oriented as to time and place. He had a black eye and at least one major scar from a knife fight.

Appellant was taken to the hospital. The police officer swore out a Notification of Mental Illness. At the commitment hearing, the court determined that appellant was a "mentally ill person." The court ordered commitment on the basis that defendant is a "mentally ill person" who is a "danger to self."

■ Appellant makes two assignments of error. First, he argues that the state did not prove by clear and convincing evidence that he is a "mentally ill person" under ORS 426.005(2). The statute provides, in part:

"(2) 'Mentally ill person' means a person who, because of a mental disorder, is one or more of the following:

"(a) Dangerous to self or others[.]"

The trial court found that appellant is a danger to himself. On *de novo* review, we make the same finding. As a result of his mental disorder, appellant has frequently been involved in fights and verbal confrontations. He has scars from a knife fight that had recently occurred after little provocation. The record contains other clear and convincing evidence that appellant's mental disorder currently leads him into situations of extreme danger to himself. The trial court did not err in determining that he is a "mentally ill person."

■ Appellant's second assignment of error involves the interpretation of ORS 426.130, which controls the commitment phase of this kind of proceeding. Appellant argues that the court erred in committing him, because there is no evidence that he was unwilling, unable or unlikely to participate in treatment on a voluntary basis. He points to his own

testimony that he would continue taking medicine and would seek treatment at a mental health clinic if he were admitted.

ORS 426.130 provides, in relevant part:

"(1)   After hearing all of the evidence, and reviewing the findings of the examining persons, the court shall determine whether the person is mentally ill. If, in the opinion of the court, the person is:

"* * * * *

"(b)   Mentally ill based upon clear and convincing evidence, the court:

"(A)   Shall order the release of the individual and dismiss the case if:

"(i)   The mentally ill person is willing and able to participate in treatment on a voluntary basis; *and*

"(ii)   *The court finds that the person will probably do so.*

"(B)   May order conditional release under this subparagraph subject to the qualifications and requirements under ORS 426.125. * * *

"(C)   May order commitment of the individual to the division for treatment, if, in the opinion of the court, subparagraph (A) or (B) of this paragraph is not in the best interest of the mentally ill person." (Emphasis supplied.)

Under appellant's reasoning, a court must always release any person who provides some evidence that he might participate in treatment. We disagree. ORS 426.130 mandates release only if two requirements are met: first, the "mentally ill person" must be willing and able to participate in treatment on a voluntary basis; second, the court must be satisfied that the person *will probably* participate in voluntary treatment.

Although appellant testified that he would be willing to get voluntary treatment, the court found that he was unwilling, unable or unlikely to do so. On *de novo* review, we make the same finding. Both examiners found that appellant would not cooperate with or benefit from voluntary treatment. He has a history of refusing to participate in outpatient treatment. The record contains other evidence that he is not likely to participate, regardless of his expressed desire to do so.

■ Appellant also contends that the court erred by ordering him committed without first making a specific finding that commitment was in his best interests. The "best interests" language of ORS 426.130 refers only to voluntary treatment and conditional release. *See, e.g., State v. Weyeneth*, 115 Or App 555, 838 P2d 1113 (1992). Nothing in ORS 426.130 requires the court to make a specific, affirmative finding that *commitment* is in the best interests of the mentally ill person before it can be ordered.

Affirmed.