Argued and submitted November 10, 1994, reversed and remanded
September 6, 1995

## STATE OF OREGON,
*Appellant,*

*v.*

## JERAMIE MICHAEL WARDEN,
*Respondent.*

(93-40409; CA A83201)

901 P2d 900

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Richard L. Fredericks argued the cause for respondent. With him on the brief was Dennett & Fredericks, P.C.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Defendant was cited for casting light from a motor vehicle while armed, in violation of ORS 166.663.[1] He demurred to the charge on the grounds that ORS 166.663 was unconstitutionally vague and overbroad. After a hearing, the trial court granted the demurrer based on its conclusion that the statute was overbroad. The state appeals, arguing that the trial court erred in concluding that ORS 166.663 unconstitutionally infringed on defendant's right to bear arms. Or Const, Art I, § 27.[2] We reverse.

■      An overbroad statute is one that is so broad that it "reaches conduct which may not be prohibited." *State v. Blocker*, 291 Or 255, 261, 630 P2d 824 (1981). The pertinent statute here, ORS 166.663, provides:

"(1)   No person shall cast from a motor vehicle an artificial light while there is in the possession or in the immediate physical presence of the person a bow and arrow or a rifle, gun, revolver or other firearm.

"(2)   Subsection (1) of this section does not apply to a person casting an artificial light:

"(a)   From the headlights of a motor vehicle that is being operated on a road in the usual manner.

"(b)   When the bow and arrow, rifle, gun, revolver or other firearm that the person has in the possession or immediate physical presence of the person is disassembled or stored, or in the trunk or storage compartment of the motor vehicle.

"(c)   When the ammunition or arrows are stored separate from the weapon.

"(d)   On land owned or lawfully occupied by that person.

"(e)   On publicly owned land when that person has an agreement with the public body to use that property.

---

[1] The primary conduct this statute seeks to prevent is commonly referred to as "spotlighting," which is a method of hunting using artificial light. *See* ORS 498.142 (prohibiting hunting with artificial light); ORS 498.146 (prohibiting casting light from a motor vehicle upon certain animals while in possession of a weapon).

[2] Article I, section 27, of the Oregon Constitution provides:

"The people shall have the right to bear arms for the defence (sic) of themselves, and the State, but the Military shall be kept in strict subordination to the civil power."

"(f)   When the person is a peace officer or government employee engaged in the performance of official duties.

"(g)   When the person has been issued a license under ORS 166.290 to carry a concealed weapon.

"(3)   Violation of subsection (1) of this section is punishable as a violation."

The state argues initially that ORS 166.663 is not overbroad because it does not affect a constitutional right. It asserts that the statute does not prohibit bearing arms. Rather, the state argues, the terms of the statute are directed at regulating the casting of artificial light from a vehicle under certain circumstances, to which there is no constitutional right. However, although ORS 166.663 does not prohibit the bearing of arms, it may affect the manner of possessing arms and, therefore, could possibly encroach on the constitutional right guaranteed by Article I, section 27. The state argues alternatively, that even if ORS 166.663 does encroach on the constitutional right to bear arms, the encroachment is permissible because the regulation is specifically directed to a public safety and welfare concern and it is reasonable in scope.

■       Article I, section 27, of the Oregon Constitution, guarantees an individual's right to "possess certain arms for defense of person or property." *State v. Kessler*, 289 Or 359, 371, 614 P2d 94 (1980). However, as defendant acknowledges, the right to bear arms is not absolute. As we said in *State v. Owenby*, 111 Or App 270, 273, 826 P2d 51 (1992):

"The right to bear arms is not absolute. In the exercise of its police power, the legislature may enact reasonable regulations limiting the right and has done so, for example, by prohibiting: possession of a firearm by convicted felons, ORS 166.270; *State v. Robinson*, 217 Or 612, 618-19, 343 P2d 886 (1959); carrying a concealed weapon, ORS 166.240; possession by inmates of institutions, ORS 166.275, and possession of loaded firearms in a public building. ORS 166.370. Limitation on the right to bear arms is permissible when the unrestricted exercise of the right poses a threat to the public and the means chosen to protect the public does not unreasonably interfere with that right. *State v. Boyce*, 61 Or App 662, 666, 658 P2d 577, *rev den* 295 Or 122 (1983)."

Similarly, the Supreme Court in *Kessler* explained:

"The constitutional guarantee that persons have the right to 'bear arms' does not mean that all individuals have an unrestricted right to carry or use personal weapons in all circumstances. * * * The courts of many states have upheld statutes which restrict the possession or manner of carrying personal weapons. The reasoning of the courts is generally that a regulation is valid if the aim of public safety does not frustrate the guarantees of the state constitution." 289 Or at 369-70.

Accordingly, the question we must resolve here is whether ORS 166.663 unreasonably interferes with the constitutional right to bear arms.

Our decision in *State v. Boyce*, 61 Or App 662, 658 P2d 577, *rev den* 295 Or 122 (1983), involved circumstances similar to this case. In *Boyce*, we concluded that a city ordinance prohibiting a person on a public street, in a public place, or in a vehicle, from carrying a loaded firearm, was not unconstitutional because it regulated the manner of possession and did not prohibit "mere possession." We noted that the ordinance in question did not

"proscribe the mere possession of anything. Under it, an individual may possess both a firearm and ammunition. He may even possess a loaded firearm, so long as he is not in a public place. In a public place, he may possess both a firearm and ammunition, so long as the ammunition is not in the chamber, cylinder, clip or magazine." *Id.* at 665.

Similarly, ORS 166.663 does not proscribe mere possession of a firearm. Under ORS 166.663, a person may at all times possess a firearm, as well as ammunition. Only when an individual is casting artificial light from a motor vehicle is the manner of possession restricted, *e.g.*, the weapon must be disassembled, or the ammunition stored separately. In fact, under the statute, an individual may even possess a "ready to use" weapon, so long as he or she is not casting artificial light from a motor vehicle.

■　　Because ORS 166.663 regulates only the manner of possession, it is permissible legislation if it is directed to a specific public safety or welfare concern and does not unreasonably encroach on the constitutional right. *State v. Smoot*, 97 Or App 255, 258, 775 P2d 344 (1989) (statute prohibiting

carrying concealed switchblade does not violate Article I, section 27, of the Oregon Constitution because statute regulates manner of possession and is reasonably related to public safety); *Boyce*, 61 Or App at 666. The legislative history of ORS 163.663 reveals that the statute was adopted to expand the existing law which required an animal to be shot before a person could be cited for spotlighting. ORS 163.663 was adopted to proscribe conduct that occurs before an animal is shot. The legislature's apparent purpose was to make it easier to prevent spotlight hunting as well as to prevent vandalism. Tape Recording, House Committee on Agriculture, Forestry, and Natural Resources, May 9, 1989, Tape 97, Side B, and Tape 98, Side A. We conclude that ORS 166.663 imposes a reasonable restriction that is directly aimed at the public's safety and welfare and does not unreasonably infringe on defendant's right to bear arms.

■ Defendant argues, nonetheless, that ORS 166.663 is overbroad, because it makes conduct unlawful that is otherwise constitutionally protected. Defendant relies on *State v. Fisher*, 100 Or App 149, 152, 785 P2d 369, *rev den* 309 Or 522 (1990), as an example of constitutionally protected conduct that the statute here makes unlawful. In *Fisher*, we concluded that, under ORS 166.250, it is not unlawful to carry a firearm openly in a belt holster while riding in a motor vehicle. Defendant argues, relying on *Fisher*, that ORS 166.663 is overbroad because it will prohibit the lawful carrying of a firearm in a holster while in a motor vehicle. *Fisher*, however, does not support defendant's contention. First, *Fisher* did not hold that carrying a firearm in a holster was constitutionally protected conduct. Rather, it merely held that the pertinent statute did not proscribe such conduct. Further, even if the conduct cannot constitutionally be prohibited, that does not mean that it may never be regulated.

■■ Defendant also contends that ORS 166.663 is unconstitutionally vague in violation of Article I, sections 20 and 21, of the Oregon Constitution.[3] A criminal statute "must be sufficiently explicit to inform those who are subject to it of what conduct will render them liable to its penalties." *State v.*

---

[3] Both parties argued the vagueness issue to the trial court. Because the court concluded that the statute was overbroad it did not address that issue. On appeal, both parties again argue their respective positions on whether the statute is vague.

*Graves*, 299 Or 189, 195, 700 P2d 244 (1985). In addition, it must not be so vague as to permit a judge or jury to exercise uncontrolled discretion in punishing a defendant or deciding what is prohibited in a given case. *Id.* However, a statute need not define an offense "with such precision that a person in every case can determine in advance that a specific conduct will be within the statute's reach." *Id.*

Defendant argues that the phrases "artificial light" in subsection (1) and "operated in the usual manner" in subsection (2)(a) are vague *on their face*. Thus, he contends that ORS 166.663 fails to provide any standard of conduct and is impermissibly vague in all of its applications. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 US 489, 494-95, 102 S Ct 1186, 71 L Ed 2d 362 (1982) (setting out standard for facial vagueness challenges).

■■ The state argues that defendant's facial vagueness challenge is not properly before us, because ORS 166.663 does not implicate rights under the First Amendment. We agree. In *State v. Butterfield*, 128 Or App 1, 7, 874 P2d 1339, *rev den* 319 Or 625 (1994), we said:

> "By asserting only a facial challenge to the statute, defendant has improperly advanced his vagueness argument on this appeal. It is well settled, under both the state and federal constitutions, that, unless the exercise of First Amendment liberties is impaired, vagueness challenges are reviewed solely to determine whether application of the contested statute to the defendant's conduct violates the 'void for vagueness' doctrine."

Thus, the appropriate inquiry is "whether the statute is constitutional as applied to defendant under these circumstances." *Id.* at 8. Defendant did not argue that the statute is vague as applied to him. Accordingly, we do not consider his challenge. We conclude that the trial court erred in allowing defendant's demurrer.

Reversed and remanded.