Argued and submitted January 27, affirmed March 5, 1997

In the Matter of Christine Brenhuber,
Alleged to be a Mentally Ill Person.
## STATE OF OREGON,
*Respondent,*

*v.*

## CHRISTINE BRENHUBER,
*Appellant.*

(9604-63002; CA A92931)

934 P2d 550

Liza J. Langford filed the brief for appellant.

Mary H. Williams, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Appellant appeals her involuntary mental commitment. On *de novo* review, *State v. O'Neill*, 274 Or 59, 545 P2d 97 (1976), we affirm without discussion appellant's second and third assignments of error and write only to address her first assignment, which raises a question of law.

In March 1996, appellant, a 31-year-old with a history of mental illness and suicide attempts, went to Oregon Health Sciences University seeking treatment. She was examined by a doctor who swore out a Notification of Mental Illness, noting that appellant was "expressing suicidal and homicidal ideation." Soon after she was admitted to the hospital, appellant decided that she wanted to leave and attempted to escape by threatening and assaulting a medical technician.

At the commitment hearing, the trial court found by clear and convincing evidence that appellant was a mentally ill person as defined by ORS 426.005(1)(d). Then, by a preponderance of the evidence, the trial court found that appellant would be unwilling, unable or unlikely to participate in treatment on a voluntary basis and therefore committed her to the Mental Health and Developmental Disability Services Division (MHDDSD) for treatment.

Appellant argues that the trial court should have applied the clear and convincing evidence standard of proof both to the question of whether appellant was mentally ill and to the question of whether she would seek treatment voluntarily. The state responds that the correct standard of proof in making the dispositional determination is a preponderance of the evidence.

Under ORS 426.130(1),[1] the court must make two distinct determinations. First, the court must decide whether

---

[1] ORS 426.130(1) provides, in part:

"After hearing all of the evidence, and reviewing the findings of the examining persons, the court shall determine whether the person is mentally ill. If, in the opinion of the court, the person is:

"* * * * *

"(b) Mentally ill *based upon clear and convincing evidence*, the court:

"(A) Shall order the release of the individual and dismiss the case if:

the person is mentally ill, based on a clear and convincing evidence standard. Second, in the dispositional phase, the court must decide whether to release the person and dismiss the case or to commit the person to MHDDSD.

Although we have not referred to it expressly, we have held that in the dispositional phase of a mental commitment proceeding the proper standard of proof is a preponderance of the evidence. In *State v. Owenby*, 111 Or App 270, 274, 826 P2d 51 (1992), for example, we held that "ORS 426.130(1)(b) requires that the court first find by clear and convincing evidence that a person is mentally ill. The dispositional provisions that follow * * * do not require that quantum of proof." *See also State v. Doe*, 116 Or App 18, 840 P2d 727 (1992) (sufficient evidence in the record that the appellant was not likely to participate in treatment); *State v. Kerrigan*, 67 Or App 399, 403, 678 P2d 271 (1984) ("sufficient basis in the record to support a conclusion that [the appellant's] voluntary participation in treatment would be inadequate").

The trial court did not err in applying a preponderance of the evidence standard of proof in the dispositional phase of appellant's mental commitment proceeding.

Affirmed.

---

"(i) The mentally ill person is willing and able to participate in treatment on a voluntary basis; and

"(ii) The court finds that the person *will probably do so*.

"* * * * *

"(C) May order commitment of the individual to the Mental Health and Developmental Disability Services Division for treatment if, in the opinion of the court, subparagraph (A) or (B) of this paragraph is not in the best interest of the mentally ill person." (Emphasis supplied.)