On respondent's petition for reconsideration filed August 22, and appellant's response to petition for reconsideration filed September 27, reconsideration allowed; former opinion (182 Or App 668, 50 P3d 1228) modified and adhered to as modified October 30, 2002

In the Matter of Jerry Rainbolt,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

JERRY RAINBOLT,
*Appellant.*

M01-07-24; A115709

57 P3d 902

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Judy C. Lucas, Assistant Attorney General, for petition.

Gay Canaday for response.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

## PER CURIAM

The state petitions for reconsideration of our decision in *State v. Rainbolt*, 182 Or App 668, 50 P3d 1228 (2002). We grant reconsideration, modify our opinion, and adhere to our original disposition.

In our decision, we reversed appellant's commitment to the Mental Health Division. We held that the state proved, by clear and convincing evidence, that appellant suffered from a mental disorder. *Id.* at 672. In addition, we held that "the record lacks *clear and convincing evidence* that appellant is unwilling or unable to cooperate with and benefit from voluntary treatment * * *." *Id.* at 674 (emphasis added). As the state *now* argues, the clear and convincing evidence standard does not apply when the court determines whether an individual is willing and able to cooperate and benefit from voluntary treatment.[1] *See State v. Brenhuber*, 146 Or App 719, 722, 934 P2d 550 (1997) ("The trial court did not err in applying a preponderance of the evidence standard of proof in the dispositional phase of appellant's mental commitment proceeding."). Appellant agrees that the standard of proof for the dispositional phase is a preponderance of the evidence.

We now hold that the state did not prove by a preponderance of the evidence that appellant is unwilling or unable to cooperate with and benefit from voluntary treatment with the help of his family.

Reconsideration allowed; former opinion modified and adhered to as modified.

---

[1] In its brief, the state stated that the standard of proof in the dispositional phase was clear and convincing evidence.