Submitted on record and briefs August 17, reversed September 19, 2007

In the Matter of J. H.,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

J. H.,
*Appellant.*

Clackamas County Circuit Court
M060651; A133061

168 P3d 336

Gay Canaday filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Michael R. Washington, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Appellant seeks reversal of an order adjudicating him to be a mentally ill person and committing him to the Department of Human Services pursuant to ORS 426.130. He asserts that (1) the trial court erred in finding, by clear and convincing evidence, that, because of a mental disorder, he was a danger to himself and others and was unable to provide for his basic needs, ORS 426.005(1)(d), and (2) even if the evidence is sufficient to support the trial court's finding that appellant is mentally ill, the court erred when it determined that he was unwilling, unable, or unlikely to participate in treatment on a voluntary basis, ORS 426.130(1)(b)(A). On *de novo* review, we determine that the trial court erred in the latter regard. Accordingly, we reverse.

A detailed recounting of the circumstances pertaining to appellant's alleged dangerousness to himself and to others, and his alleged inability to provide for his basic needs, would be of no benefit to the bench, the bar, or the public. Rather, given the basis of our disposition, it suffices to say that, even assuming that, at the time of the commitment hearing, appellant was a "mentally ill person" as defined in ORS 426.005(1)(d), the preponderant evidence in this record shows that appellant was "willing and able to participate in treatment on a voluntary basis" and that he would "probably do so." ORS 426.130(1)(b)(A). That is, regardless of which party properly bears the burden of persuasion with respect to the inquiry prescribed by ORS 426.130(1)(b)(A), on *de novo* review, a preponderance of the evidence supports appellant's position. *See, e.g., State v. D. F.*, 211 Or App 181, 190, 154 P3d 141 (2007).[1]

---

[1] *Compare State v. Rainbolt*, 182 Or App 668, 674, 50 P3d 1228, *adh'd to as modified on recons*, 184 Or App 661, 662, 57 P3d 902 (2002) (expressly assuming that the state bears the burden of proof as to that inquiry), *with State v. Lott*, 202 Or App 329, 337, 122 P3d 97 (2005), *rev den*, 340 Or 308 (2006) (noting possible issue as to proper allocation of burden of persuasion but concluding that it was unnecessary to consider the correctness of the allocation of the burden of proof in *Rainbolt* because, "regardless of which party had the burden of proof on the matter, a preponderance of the evidence in this record supports the trial court's conclusion").

In that regard, we view four circumstances, in combination, as being especially significant. First, appellant himself initiated the telephone call to the mental health crisis line, which precipitated the commitment proceedings, because he was concerned about "urges" to improperly take his medication. Second, appellant candidly acknowledged and agreed with the diagnosis of his mental disorder and, in response to the court's questions, quite cogently described the "best treatment" for that disorder as being "medication and a mix of therapy." Indeed, appellant was extraordinarily lucid and thoughtful in his responses during the commitment hearing. Third, appellant had been fully cooperative with the course of medication during his hospitalization, and he was able to precisely and accurately describe changes in his medications and their effects on him. Finally, appellant credibly stated his determination and commitment to continue his course of outpatient treatment with his therapist, whom he described as "the best therapist I've ever had."

Reversed.